# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1876.

---

### VICKSBURG & MERIDIAN RAILROAD COMPANY VS. WILLIAM McCUTCHEN.

1. EQUITY OF REDEMPTION : *Act of March, 1872. Service of process on corporations.*
   This act requires the judgment creditor to resort to chancery to enable him to sell the equity of redemption of his debtor. The effect of this act was to change the mode of subjecting the equity of redemption, and not to impair any right of the creditor as against it. It provides that "corporations shall have the same notice now provided for natural persons." This provision does not modify or repeal § 703 of Code of 1871, as to mode of serving process on corporations. The term "notice" does not apply to this service of process; it is more appropriate to publications to non-residents or unknown defendants.

2. SAME : *Mortgages by railroad companies.*
   A railroad company cannot defeat the right of its creditors to sell the equity of redemption by executing a deed of trust with long time to run, etc. To hold that it could would be a palpable violation of the Code (§ 2414), and contravene the policy of our law. Nor are the judgment creditors limited to a bill to obtain satisfaction of their judgments to the earnings or the income of the company. To hold such would not only deprive them of what they are entitled to under the law, but would recognize the right of a railroad company to secure itself in the possession and enjoyment of its property for an indefinite time, and compel all of its creditors to resort to the means it has provided for their payment, and not to those the law has given.

3. SAME : *Necessary parties.*
   To a bill filed under the act of 1872 it is not necessary to make the mortgagees, trustees, and *cestuis que trust*, or any of them, parties defendant.

4. SAME: *Decree in equity. Sale of property. Possession.*
  Where the chancery court renders a decree for the sale of property, to pay debt,
    it is not usual to direct in the decree that the purchaser be put in possession
    of the property, though it does not vitiate the decree; it simply anticipates
    what would be done after the sale.

APPEAL from the Chancery Court of *Warren* County.

Hon. E. HILL, Chancellor.

All the important facts of the case are found in the opinion of the court.

Errors are assigned as follows :

1. The court erred in rendering the decree *pro confesso* against the appellant, on the 9th day of January, 1873.

2. In entering final decree against the appellant, January 13, 1873, and in ordering a sale of the railway and its property, subject to the mortgage therein. The bill should have been dismissed at the hearing or remanded for amendment.

3. The decree is erroneous in directing an absolute sale of the supposed equity of redemption.

4. In directing that the purchaser be placed in possession.

5. The remedy is by bill against the trustees, and the company to pay out of the receipts of the road.

*W. L. Nugent*, for appellant :

1. The service of the summons, December 3, 1872, on N. G. Bryson, secretary and treasurer of the railroad company, was not sufficient. Code, 1871, § 703 ; Acts of 1872.

2. The final decree was erroneous. No decree could be rendered on the bill as presented. The suit was brought by a single creditor against the railway, to subject its equity of redemption to the payment of an isolated judgment. The bill does not allege that the judgment was ever enrolled in the "judgment roll" of Warren county. It constitutes no lien on the property, and without it a court of chancery will not relieve him. Code, 1857, § 524, art. 261 ; Code, 1871, § 830 ; 1 Story's Eq. Jur., § 506, 99, 193 ; 40 Miss., 618.

*Potter & Green*, for appellee :

The decree was by default. It directed the sale of the equity

of redemption, subject to the mortgages, and awarded a writ of assistance. The chancery court has jurisdiction of all such cases. See Acts of 1872, p. 53. The argument is that nothing can be done against the corporation until the mortgages mature, in 1890. But that will not do. All the tangible property of the railroad corporation is as much liable to its debts as the property of an individual. Arthur v. Com. & R. R. Bank, 9 S. & M., 431. In this case the purchaser will take subject to the rights of the trustee and to all the incumbrances mentioned in the bill, and if he take possession, as the decree provides, he holds subject to all the trusts of these deeds.

Campbell, J., delivered the opinion of the court:

Appellee exhibited his bill, in the chancery court of Warren county, against appellant, showing that on the 14th December, 1870, he obtained in the circuit court of said county a judgment against appellant for $1,177.49, and had execution issued on it, which was returned "*nulla bona,*" and that said judgment remained unsatisfied; that appellant, on the 25th March, 1857, executed a mortgage on its road-bed, depots, lots, shops, locomotives, cars, furniture, and equipments, then had or thereafter to be acquired, and its franchises, to secure certain bonds, to mature 1st January, 1869, and at the same time appellant executed a mortgage on all the land granted to it by an act of the legislature of Mississippi, approved 2d February, 1857, to secure part of the bonds mentioned in said first mortgage; that on the same day another mortgage was executed by appellant to other persons and to secure other bonds, and it conveyed the same subject-matter as described in said other mortgages, and on the 15th August, 1859, appellant executed another mortgage on the same things, to secure specified bonds; that on the 15th of March, 1866, appellant executed to trustees a deed by which it conveyed, subject to said several mortgages, to said trustees the railroad of appellant as then existing, or as it might be, and everything else it possessed or might acquire, including its franchises and its income and whatever

should inure or accrue to it in future. This conveyance was to secure $3,000,000 of bonds issued by appellant at the date of said deed and to mature in the year 1890. The prayer of the bill is for a decree for sale of the equity of redemption of the appellant in the subject-matter of said conveyances, " subject to all the liens, priorities, and incumbrances hereinbefore described," and for a writ of possession to place the purchaser in possession of the subject of his purchase. Upon this bill a summons was issued for appellant, and was executed by the sheriff of Warren county on the 31st December, 1872, by delivering a true copy of said writ to N. G. Bryson, secretary and treasurer of the said Vicksburg & Meridian Railroad Company. The summons requires appearance on the first Monday in January, 1873, and counsel for appellant is in error in his criticism on it in this respect. The cause progressed regularly to a *pro confesso* and final decree in accordance with the prayer of the bill.

From this decree an appeal is prosecuted, and it is assigned as error, substantially, that the decree *pro confesso* is erroneous because appellant was not properly summoned, and that the final decree is erroneous because it directs an absolute sale of the equity of redemption of appellant, and the placing the purchaser of it in possession, whereas it is insisted that the remedy of complainant is by bill against the trustees of the deed of trust, and the company to pay the judgment out of the receipts of the company from the operation of the road. This bill was exhibited while the act entitled " An act in relation to equity of redemption," approved March 28, 1872, was in force. But for that act there would have been no necessity for the judgment creditor to resort to chancery. He could have had execution levied on the equity of redemption of his judgment debtor, and caused it to be sold, and the purchaser would have acquired just the rights of the defendant in the execution. Code, § 2295. He would have been entitled to the possession of the railroad and all its property, real and personal, and the franchise of the corporation, subject to the

several incumbrances on them, and liable to the consequences of a breach of the condition of the conveyances creating those incumbrances.   Code, § 2414.

The act cited above provides " that the chancery court ·shall have exclusive jurisdiction in all cases when the equity of redemption is sought to be sold, and corporations shall have the same notice now provided for natural persons."   Acts of 1872, p. 53.

It is by virtue of the latter clause of the section quoted that it is claimed that § 703 of the Code, as to service of process on a corporation, was repealed, and a requirement made that directors of the company should be served with summons; and it is insisted that service of the summons on the secretary and treasurer of appellant was not sufficient to make the corporation a party to the suit, and therefore the decree *pro confesso* is erroneous.   It is difficult to determine what is meant by the clause of the act under consideration.   Whatever it is, we do not think it can be interpreted to repeal or modify § 703 of the Code, as to the manner of serving process on corporations.   § 2409 of Code.

The term " notice " does not apply to the service of process.   It is more appropriate to publications to non-resident or unknown defendants.   It may have been used to require notice to corporations in the same circumstances in which natural persons would be entitled to notice of a proceeding to subject an equity of redemption to sale, or the same length of ·time, or that corporations should be brought in by summons, when natural persons had to be brought in by that means, or that publication should alike apply to both.   The provisions of the Code for service of process on corporations in suits against them remained in force, unaffected by the act of 28th March, 1872, and the summons in this case was properly served, and the decree *pro confesso* is not erroneous.

We proceed to the main question.

Is the final decree erroneous?

Counsel insist that it is, because, they say, the equity of

redemption of appellant cannot be sold; that appellant, in 1866, prior to the judgment of appellee, executed a deed of trust to secure $3,000,000 of bonds to mature in 1890, and thereby conveyed its railroad and all its real and personal estate, and its rights and franchises of every sort, and pledged its income, and stipulated for the retention of possession of the road and all appurtenances and appliances, for the performance of its obligation to pay interest semi-annually on the bonds and create a sinking fund by annual appropriations of $30,000, after paying current expenses which are provided for in the deed of trust, and that to sell the equity of redemption of appellant in the railroad and other property and franchises, and disturb appellant's possession, will be to injuriously affect the rights of bondholders who trusted to the arrangement secured by the deed of trust; and that, instead of this, the judgment creditor should be required to exhibit his bill against the trustees in the deed of trust, and the railroad company to obtain payment out of the receipts of the company. To deny that the equity of redemption of appellant in the railroad and other property conveyed by the deed of trust can be sold to satisfy the judgment of appellee is to disregard the provisions of the statute, § 2295, and the act of March 28, 1872, which proceeds on the idea that an equity of redemption may be sold, and, instead of permitting it to be sold as before under execution at law, necessitated resort to chancery. The effect of this act was to change the mode of subjecting an equity of redemption, and not to impair any right of the creditor as against it. To say that the interest of the company in the property and rights conveyed by the deed of trust cannot be subjected to the judgment is to dispute the provision of § 2414 of the Code, and contravene the general policy of our law to subject to liability for debt every right and interest of the debtor, except such as is exempted.

To limit the judgment creditor of the appellant to a bill to obtain satisfaction of his judgment out of the earnings of the railroad and income of the company is not only to deny him

what he is clearly entitled to under the law, but it is to recog-
nize the right of a railroad company to secure itself in the
possession and enjoyment of its property and franchises for an
indefinite period of time, and compel all who become its cred-
itors to resort to the means it has provided for their payment,
and not to those the law has given to all who choose to invoke
its aid against a defaulting debtor. In the language of the
supreme court of Ohio, "Those who take a mortgage upon
property to secure a loan for a long period of time, however
desirable it may be to have the arrangement carried out, may be
disappointed, owing to an imperfection incident to such an
arrangement—an imperfection resulting from the policy of the
law, that parties cannot be permitted to retain indefinitely the
use and enjoyment of property by simply giving a security
upon it for the payment of a debt. The property must be
subject in some form to the first claims against the party subse-
quently arising, and this will frequently and necessarily lead to
an interruption and disappointment in a prior arrangement as
to the time within which it is to be performed." Coe v. Rail-
road Co., 10 Ohio St., 401. It was not competent for appel-
lant by any act of its own, or in conjunction with others, to
exempt from the claims of its creditors any part of its prop-
erty. Nor do we understand that it designed to do so in exe-
cuting the deed of trust or any of the mortgages. It cannot
complain of a sale of its interest, for the law makes it liable
to the creditor's demand. The bondholders or the trustees
cannot complain in this suit, because they are not parties. The
court cannot refuse its aid to enable the creditor to reach the
interest of its judgment debtor, upon an idea of the want of
appreciable value in the equity of redemption. It is a salable
interest, and if the purchaser of it shall acquire nothing he
alone will be damaged. Whatever it shall bring will inure to
the advantage of appellant in discharging the judgment. No
injury can result to trustees or *cestuis que trust* in the deed of
trust, or to the several mortgagees, for their rights are para-
mount, and they will have the same rights and remedies against

the purchaser of the interest of appellant that they have against appellant.    For the reasons already given it was not necessary to make mortgagees, trustees, and *cestuis que trust,* or any of them, parties defendant.    A junior incumbrancer is not required to make senior incumbrancers parties.    Their rights are paramount, and unaffected by his proceeding.    He may make them parties, but is not compelled to do so.    Story's Eq. Pl., § 193, and note.

Generally junior incumbrancers are necessary parties, because they have interests to be affected.    In this case there is nothing in the record to suggest the existence of junior incumbrancers, and we are not called on to decide as to the necessity of such being made parties in a proceeding of this kind.

We do not think the failure of the bill to show the enrollment of the judgment, or the judgment roll, is an objection to the decree.

The complainant had execution returned *nulla bona,* and that was sufficient.    Vasser *v.* Henderson, 40 Miss., 519.

We find no fault with the deed of trust in this case.    Its validity is not questioned, nor is it doubted that it makes a valid appropriation of the future income of appellant to the purposes specified.    It is not attempted in this proceeding to divert from the course prescribed in the deed of trust the income of appellant.    If that was the effort, the case of Durham *v.* Isett, 15 Iowa, 284, would be in point.    That was a contest in equity between the trustee in a deed of trust conveying future earnings and income of a railroad company to secure time bonds, and a subsequent judgment creditor who had garnished debtors to the company for freight.

The effort of the judgment creditor was to subject, not the interest of the grantor in the deed of trust, as in this case, but the income which had been before his judgment devoted to the uses of certain bond creditors, and it was held this could not be done.    Counsel say to sell the equity of redemption is to destroy the income by withdrawing the means of producing

it. Not so. A greater income may arise from the operation of the road by a purchaser of the interest of appellant. If he shall make default in performing the conditions of continued possession and management of the railroad and appurtenances a right will at once accrue to trustees and mortgagees, according to the tenor of the several instruments operating as incumbrances on the subject of the sale. If from any cause the rights of bond creditors shall be seriously threatened with loss, their complaint will be heard when made. We are not disposed to anticipate the various questions which we can well suppose might arise in the execution of the right of a judgment creditor to have sold the equity of redemption of a railroad company, but have reached the conclusion reached in a former hearing of this case, that the decree directing the sale in accordance with the prayer of the bill is correct. That part of the decree directing the purchaser to be put in possession simply anticipates what would be done after the sale, and, though not usual to be inserted in a decree, does not vitiate it.

Decree affirmed.