Solomon *et al. v.* Solomon.

(In Banc. Nov. 20, 1939.)

[192 So. 10. No. 33853.]

**Alexander, Sparkman & Pace,** of Cleveland, for appellant.

Shands, Elmore, Hallam & Causey, of Cleveland, for appellee.

24

**Smith, C. J.**, delivered the opinion of the court.

J. M. Solomon and his son, J. L. Solomon, owned a house and lot in Cleveland, Mississippi, each owning a one-half interest therein. J. L. Solomon was married and lived in this house. J. M. Solomon died in 1930, leaving as his heirs J. L. Solomon and four other children. J. L. Solomon and his family continued to occupy the house until 1933, when he died, and his widow and children continued thereafter to occupy it as their home. The four surviving children of J. M. Solomon sued the widow and children of J. L. Solomon for a partition of the property in kind or a sale therefor. The widow objected to this partition and the court below declined to grant it.

Section 2920, Code of 1930, empowers cotenants of land to obtain a partition of it by decree of the chancery court. Section 1412 of the Code provides:

"1412. Where a decedent leaves a widow to whom, with others, his exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during her widowhood, as long as it is occupied or used by the widow, unless she consent".

Under the first of these sections, the appellees are entitled to a sale of this property for a partition unless deprived thereof by the latter section because of the death of J. L. Solomon leaving a widow and other heirs to whom his interest in the property descended.

The property with which this section deals is that owned by a decedent at the time of his death, and which was exempt from sale under execution for the payment of his debts. What J. L. Solomon here owned at the time of his death was not the whole interest in this house and lot but only a three-fifths interest therein, so that this three-fifths interest is all of the property to which the statute applies. The exemption of this three-fifths interest in the property from subjection to the payment of Solomon's debts resulted from the fact that he occupied it as a homestead. This occupation of the property by him as a homestead did not enlarge his interest therein as against his cotenants, and it was at all times while he lived subject to partition at the suit of his cotenants. This right of his contenants is not expressly withdrawn from them by Section 1412 because of Solomon's death, leaving a widow and other heirs, and there is nothing in it or the purpose which it seeks to accomplish that requires it to be so construed as to withdraw by implication this right of partition from J. L. Solomon's cotenants.

Lackey v. Harrington, 161 Miss. 512, 139 So. 313, 314, does not require a contrary holding. In that case, a decedent left a widow and children, to whom a city lot which was exempt from execution for the payment of his debts descended. The lot was sold for taxes and the widow redeemed her interest therein from tax sale. The purchaser at the tax sale sold his interest in the lot to Lackey who filed a bill against Harrington's widow and other heirs for partition of the property. The Court held that the bill would not lie; that the redemption by the widow from the tax sale of her interest in the lot restored her to her original right to prevent a partition

thereof under the statute. The interest which the tax vendee had in the land was a portion of the interest therein owned by Harrington at his death, and which descended to his widow and children. In the light of this fact, it appears that all the Court was there called on or authorized to decide was whether the complainant who acquired this interest in the land, not from the one to whom it descended from Harrington, but at a sale for delinquent taxes, could have the land partitioned without the widow's consent. In the course of its opinion, holding that he could not, the Court said: "The widow, having redeemed the property so far as it affects her rights, has title against the other tenants to occupy same as a homestead, so long as she remains a widow, regardless of the source from which the title of the co-tenants is derived." While the language "regardless of the source from which the title of the cotenants is derived" is rather broad, it was used in connection with the case the Court was deciding and must be limited thereto.

Reversed and remanded.