DILLON *v.* HACKETT, et al.

In Banc. Dec. 13, 1948.

(37 So. (2d) 744)

**R. B. Reeves,** for appellant.

**B. D. Statham,** for appellee.

**Montgomery, J.**

In February, 1944, Curtis Hackett and others filed a petition in the Chancery Court of Pike County to partite certain land and following this a decree was entered adjucating that the land was not susceptable of partition in kind and the land was sold for a division of the proceeds. The original petition for partition alleged that each one of the parties complainant and the parties defendant owned an undivided one-tenth interest in the land. This petition was sworn to on February 14, 1944. The final decree, confirming the sale and ordering distribution of the funds, adjudicated the interest of Curtis Hackett to be a seven-tenths interest.

At the time of the partition Margaret Hackett Dillon was living on a part of the lands and continued to reside thereon after the sale. On January 23, 1948, Curtis Hackett filed a motion moving the Court to direct the issuance of a writ of habere facias possessionem. No notice of this motion was given, but in response thereto Mary Hackett Dillon filed her answer to the motion and in her answer petitioned the Court for leave to file a bill

of review. We need not concern ourselves with the novelty of this pleading, but we observe that regardless of its form it objected to the issuance of the writ of habere facias possessionem on the ground that no process was had on Maggie Hackett Dillon, who was residing on the land as her homestead, and that no process had been served on her husband, Victor Dillon, who was residing with her on said lands as his homestead. That part of said pleading, asking leave to file a bill of review, alleged that since the rendition of the final decree petitioner had discovered that the allegations of the petition for partition were not true, and that at the time of its filing Curtis Hackett was the owner of a seven-tenths interest in the lands and, had this fact been made known to the Court, the Court would have held the forty acres to be susceptible of a partition in kind. There was a demurrer to the answer and petition and this demurrer was sustained by the Court. The motion for the writ of habere facias possessionem was also sustained and the writ was ordered to issue. From this action of the Court, the appellant, Margaret Hackett Dillon, appeals here.

There are only two questions that merit our consideration. ■■ On the question of the necessity of process before the writ of assistance (which is the equivalent of the writ of habere facias possessionem at law) can issue it has long been the settled law of this state that no such process is necessary. Judge Griffith, in his Mississippi Chancery Practice, Section 651, on page 759, states the rule as follows: "But sometimes a defendant in possession, of real property refuses to surrender possession of it as adjudged by the court, in which case a writ of assistance, often called a writ of possession, is issued. Where by final decree all interest in the land is divested out of the defendant, a writ of possession, which is the equivalent of the writ of habere facias possessionem at law, may issue upon the peti-

tion of any party thereunto entitled against any party to the decree; and it issued of course without notice so far as the parties to the record are concerned, when necessary to put into execution the character of decree mentioned. And because the decree in the case has settled complainants' right to the land and as a consequence has settled the issue that the defendant has no right to refuse to deliver possession, wherefore the writ would issue as of course upon sworn application therefor without notice to defendant, it is allowable to insert in the final decree a provision for the writ of possession, and it is immaterial that the bill of complaint contained no special prayer to that effect; for no good could be accomplished by postponing the award of the writ until delivery of possession has been refused, and therefore, although it is not necessary so to do, a provision for it may be inserted in the final decree. The writ is issued by the clerk on sworn petition filed in the cause and upon proof if necessary of demand and refusal to surrender; and when the right is clear and no doubtful issues are apparent an order of the court or chancellor is not required. It is executed by the sheriff, as all such writs are executed. The writ issues out of the chancery court, not out of the supreme court, although the decree has been affirmed or there has been a final decree rendered in the supreme court."

As to the issuance of the writ without notice, Judge Griffith's text finds abundant support in Gardner v. Duncan, 104 Miss. 477, 61 So. 545. Neither is it necessary for the final decree to contain any provision for the issuance of the writ. Vicksburg & M. Railroad Company v. McCutchen, 52 Miss. 645.

But appellant argues that Victor Dillon, the husband, had a homestead interest in the land; that he was not a party to nor is he bound by the partition proceedings; and that his homestead is being taken from him without process upon him. This argument is wholly

without merit. This Court held in Solomon v. Solomon, 187 Miss. 22, 192 So. 10, that where the wife of a tenant in common owning an undivided interest in land, occupies the land as a homestead, the occupation of the property by her does not enlarge her interest therein as against her husband's cotenants, but the land is at all times subject to partition by the cotenants. So here, Victor Dillon did not acquire any interest as against the cotenants of his wife. At all times, they had the right, if they so choose, to partite the land and Victor Dillon, the husband of Maggie Hackett Dillon, was not by reason of his occupancy of the land, either a necessary or proper party to the partition suit. Hence, there was no need for any service of process upon him.

Neither was there any error in the action of the lower court in sustaining the demurrer to the petition for a bill of review. Appellant attaches to his brief a copy of the deed from Zeb Hackett, Mary Hackett Dickerson, Tom Hackett, Minnie Hackett, Lewis Hackett, Mandy Hackett Campbell, and John Hackett conveying their undivided interests in the property to Curtis Hackett and asks our consideration of the deed. The deed is dated February 19, 1944 (five days after the petition for partition was sworn to) and John Hackett did not acknowledge it until March 3, 1944. The deed was filed for record December 12, 1945, and was on the public records of the county when the final decree in the partition suit was signed on December 15, 1945, and it was known to the Court and the Court considered the deed in adjudicating the respective interests of the parties in the proceeds of the sale of the land and awarded distribution in accordance therewith.

If the appellant intended her petition to be one for leave to file a bill of review for error apparent on the face of the record, no leave of Court was necessary to its filing. Griffith's Mississippi Chancery Practice, Section 635.

If the appellant intended his ▆▆ petition to be one for leave to file a bill of review based upon newly-discovered evidence, then if we overlook the other defects in its form, it could in nowise be sustained because it is required as a fundamental that it must be shown by the facts that no want of reasonable diligence in discovering the evidence is to be imputed to the petitioner and all inferences of a want of diligence must be rebutted by a complete statement of facts in that regard. Griffith's Mississippi Chancery Practice, Sec. 637. ▆▆ Here the alleged newly discovered evidence was known to the Court at the time the decree complained of was executed and was incorporated into the provisions of that decree.

We find no error in the decrees of the lower court and they will be affirmed.

Affirmed.