PATTERSON, Chief Justice:
This is an interlocutory appeal originating from the Chancery Court of Forrest County, wherein Genetta Cameron Carter sought partition of “118 acres, more or less” and joined as defendants all co-tenants, being the heirs-at-law of one Jennie Ryan, Carter’s grandmother. The appellees, Ever Lee Brewton and Frances Brewton, widows of two deceased co-tenants, reside on portions of the property sought to be partitioned. The widows assert as an affirmative defense that the property upon which they maintain homes is exempt from partition pursuant to Mississippi Code Annotated § 91-1-23 (1972), the homestead exemption act. The chancellor below entered a decree sustaining the affirmative defenses of the widows under the statutory authority of § 91-1-23.
From this decree, Carter appeals, contending the trial court erred in sustaining the affirmative defenses. We reverse and remand for further proceedings consistent with this opinion.
The issue we decide on this appeal is whether the widows’ residences and lots are exempt from partition by the co-tenants of their deceased husbands. Two statutes must be considered.
Partition of land by coparceners is statutorily provided in Mississippi Code Annotated § 11-21-3 (1972) as quoted below:
§ 11-21-3. Partition by decree of chancery court.
Partition of land held by joint tenants, tenants in common, or coparceners, having an estate in possession or a right of possession and not in reversion or remainder, whether the joint interest be in the freehold or in a term of years not less than five, may be made by decree of the chancery court of that county in which the lands or some part thereof, are situated; or, if the lands be held by devise or *618 descent, the division may be ordered by the chancery court of the county in which the will was probated or letters of administration granted, although none of the lands be in that county.
However, any person owning an indefeasible fee simple title to an undivided interest in land may procure a partition of said land and have the interest of such person set apart in fee simple free from the claims of life or other tenants, re-maindermen or reversioners, provided the life or other tenants, and other known living persons having an interest in the lands, are made defendants if they do not join in the proceeding as complainants or petitioners.
However, Mississippi Code Annotated § 91-1-23 (1972) protects a widower or widow from partition during his or her use or occupancy as follows:
§ 91-1-23. Exempt property not to be partitioned in certain cases.
Where a decedent leaves a widow to whom, with others, his exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during her widowhood as long as it is occupied or used by the widow, unless she consent. Likewise, where a decedent leaves a widower to whom, with others, her exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during the period of his being a widower as long as it is occupied or used by the widower, unless he consent.
We are of the opinion that the property is subject to partition because if the coparceners had a right to partition during the lives of the widows’ husbands, this right is not enjoined by the deaths of the coten-ant-husbands. In Solomon v. Solomon, 187 Miss. 22, 192 So. 10 (1939), J. M. Solomon and his son, J. L., each owned a 1/2 interest in a house and lot. J. L. married and lived in the house. The father died and left J. L. and four other children as his heirs. J. L. and his family continued to reside in the house until 1933. After J. L.’s death, his widow and children continued to occupy the home and lot. The co-tenants of J. L. sued the widow for partition of the property. The widow sought to enjoin the partition based on the statutory homestead exemption. This Court held the property to be partitionable and stated:
What J. L. [the son] Solomon here owned at the time of his death was not the whole interest in this house and lot but only a three-fifths interest therein, so that this three-fifths interest is all of the property to which the statute applies. The exemption of this three-fifths interest in the property from subjection to the payment of Solomon’s debts results from the fact that he occupied it as a homestead. This occupation of the property by him as a homestead did not enlarge his interest therein as against his cotenants, and it was at all times while he lived subject to partition at the suit of his cotenants. This right of his cotenants is not expressly withdrawn from them by Section 1412 because of Solomon’s death, leaving a widow and other heirs, and there is nothing in it or the purpose which it seeks to accomplish that requires it to be so construed as to withdraw by implication this right of partition from J. L. Solomon’s cotenants. 187 Miss, at 26, 192 So. at 10.
In Dillon v. Hackett, 204 Miss. 464, 478, 37 So.2d 744, 746 (1948), we reaffirmed our decision in Solomon as follows:
This Court held in Solomon v. Solomon, 187 Miss. 22, 192 So. 10, that where the wife of a tenant in common owning an undivided interest in land, occupies the land as a homestead, the occupation of the property by her does not enlarge her interest therein as against her husband’s cotenants, but the land is at all times subject to partition by the cotenants.
We are of the opinion that since the deceased husbands’ interest in the realty was subject to partition during their lifetime, the right of partition continues after their death and is not withdrawn by the widows’ homestead occupation.
Although the land is subject to partition, we are of the opinion the widows should retain their houses as improvements on the land, if practicable; for we held in Bennett v. Bennett, 84 Miss. 493, 36 So. 452 (1904), that a tenant in common who has ^improved the land is entitled to have such land allotted to him or her if there is a partition in kind.
If it be infeasible to partition the land to allow the widows to receive their respective houses as improvements, then an accounting should be had as to such improvements. In Butler v. Furr, 168 Miss. 884, 891-892, *619 152 So. 277, 279 (1934) the applicable principles to be followed are stated thus:
If, upon another trial of the case, it should be developed that it is not practical to comply with the rule in the Bennett Case, and that, in order to equalize the shares, a new partition will have to be made whereby an improver will be required to surrender to another a valuable improvement, which, at the time of the partition, enhances the particular lot or tract of land, then an accounting should be had as to such improvement and only in that event.
Further, in our judgment, if the rule in the Bennett Case is followed, and each improver is put into possession of the land he has improved, then there should be no accounting for improvements.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
ROBERTSON, P. J., takes no part.