# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CT-01076-SCT

*CURLEY CAMP, HOWARD CAMP AND MARTY TATE d/b/a TATE LOGGING*

*v.*

*CLINT STOKES*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                   05/20/2008
TRIAL JUDGE:                        HON. JACQUELINE ESTES MASK
COURT FROM WHICH APPEALED:          MONROE COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANTS:            CARTER DOBBS, JR.
ATTORNEY FOR APPELLEE:              CLINT STOKES (PRO SE)
NATURE OF THE CASE:                 CIVIL - OTHER
DISPOSITION:                        REVERSED AND REMANDED - 07/29/2010
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     Successful defendants in a trespass-to-timber suit sought statutory[1] attorney fees and expert-witness fees. The trial court held the statute did not apply to successful defendants, and the Court of Appeals affirmed the decision.[2] We granted certiorari, and now reverse.

## BACKGROUND FACTS & PROCEDURAL HISTORY

¶2.     The Court of Appeals provided the following succinct recitation of the background facts:

---

[1]Miss. Code Ann. § 95-5-10(3) (Rev. 2004).

[2]*Camp v. Stokes*, 2009 WL 3260552, *4 (Miss. Ct. App. Oct. 13, 2009).

Clint Stokes filed a complaint in the Chancery Court of Monroe County against two brothers, Curley Camp (Curley) and Howard Camp (Howard), and Marty Tate for trespass and wrongful cutting of timber on his land. The Camps filed a counterclaim asking the chancery court to declare an old wire fence to be the proper boundary line.[3]

¶3. The chancery court ruled in favor of the Camps, but denied their motion for statutory attorney's fees and expert witness fees, holding that "95-5-10(3) does not apply to successful defendants in a timber trespass case under said statute."

## STANDARD OF REVIEW

¶4. Interpretation of a statute "is a question of law subject to de novo review."[4]

## ANALYSIS

¶5. Mississippi's trespass-to-timber statute, codified at Mississippi Code Section 95-5-10(3), provides in relevant part:

> (3) All reasonable expert witness fees and attorney's fees shall be assessed as court costs in the discretion of the court.[5]

¶6. In holding that subsection (3) was available only as a remedy for a successful plaintiff, the Court of Appeals relied on two decisions, neither of which addresses the issue before us today. In *Teasley v. Buford*,[6] the trial court found that, because the plaintiff had failed to present sufficient evidence to present a claim under Section 95-5-10 to the jury,[7] the *plaintiff*

---

[3]*Id.* at *1.

[4]*Arceo v. Tolliver*, 19 So. 3d 67, 70 (Miss. 2009) (citing *Sheppard v. Miss. State Highway Patrol*, 693 So. 2d 1326, 1328 (Miss. 1997)).

[5]Miss. Code. Ann. § 95-5-10 (Rev. 2004) (emphasis added).

[6]*Teasley v. Buford*, 876 So. 2d 1070 (Miss. Ct. App. 2004).

[7]*Id.*

could not seek attorneys' fees under Section 95-5-10(3).[8]  The case did not address the question of whether a successful defendant may invoke Section 95-5-10(3).

¶7.    In *Stockstill v. Gammill*,[9] the trial court declined to award attorney's fees to a prevailing *plaintiff* where the court determined that the defendant had removed the trees mistakenly.[10]  This Court did not address the question before us today.

¶8.    When a statute is plain on its face, there is no room for statutory construction.[11]  The plain language of Section 95-5-10(3) states "*[a]ll . . . fees shall be assessed as court costs in the discretion of the court.*"[12]  Nothing in the statute restricts this provision to successful plaintiffs.

¶9.    The trial court applied an erroneous legal standard when it declined to allow the Camps to pursue reimbursement of fees allowed by the statute, so we reverse the Court of Appeals and the trial court and remand for further proceedings consistent with this opinion.

¶10.   **REVERSED AND REMANDED**.

   **WALLER, C.J., CARLSON AND GRAVES, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**

---

[8]*Id.* (emphasis added).

[9]*Stockstill v. Gammill*, 943 So. 2d 35 (Miss. 2006).

[10]*Id.* at 38-40 (emphasis added).

[11]*Harrison v. State*, 800 So. 2d 1134, 1137 (Miss. 2001).

[12]Miss. Code Ann. § 95-5-10(3) (Rev. 2004) (emphasis added).