# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CA-01705-SCT

*BETTY LOCKHART*

*v.*

*RICHARD COLLINS, PEGGY COLLINS, BOLIN HAMILTON AND ORENE HAMILTON*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 07/02/2010 |
| TRIAL JUDGE: | HON. JACQUELINE ESTES MASK |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | CARTER DOBBS, JR. |
| ATTORNEY FOR APPELLEES: | MARTHA BOST STEGALL |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 02/16/2012 |
| MOTION FOR REHEARING FILED: | 12/22/2011 |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., LAMAR AND PIERCE, JJ.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.     The motion for rehearing is denied.  The original opinion is withdrawn, and this opinion is substituted therefor.

¶2.     J.C. and Betty Lockhart owned a life estate in an undivided one-fourth interest in 160 acres in Monroe County, Mississippi.  After the death of J.C., Betty Lockhart filed a complaint to partition by public sale the land that she shared with her in-laws, Bolin and Orene Hamilton. The Hamiltons also own a life estate in the same property, and they maintain the property as their homestead. Additionally, Lockhart sued Richard and Peggy

Collins, who have a future interest in the property as remaindermen. The trial court dismissed Lockhart's petition, and Lockhart appealed. Because Lockhart failed to meet the statutory requisites for a partition sale, we affirm the chancellor's ruling.

## PERTINENT CONVEYANCES

¶3. The following conveyances reveal the parties' current interests in the 160 acres.

¶4. In 1947, R.T. Ray conveyed the property to W.E. Lockhart and Bolin Hamilton as tenants in common. W.E. was the father of Orene Hamilton and J.C. Lockhart, and the father-in-law of Bolin Hamilton. In his Last Will and Testament, W.E. devised his undivided one-half interest to his two children, J.C. and Orene. At that point in time, Bolin Hamilton held an undivided one-half fee-simple interest, and Orene and J.C. each held an undivided one-fourth fee-simple interest in the 160 acres.

¶5. In 2007, J.C. Lockhart and his wife Betty conveyed his fee-simple interest to his son (Betty's stepson), Joel Lockhart. This conveyance reserved a life estate in the Lockharts. Around the same time, Bolin and Orene Hamilton conveyed their combined three-fourths fee-simple interest in the property to their daughter, Peggy Collins. They also reserved a life estate in their combined three-fourths interest. In 2008, Joel Lockhart conveyed his undivided one-fourth fee-simple interest to Richard and Peggy Collins, subject to the life estate of his stepmother, Betty Lockhart. Peggy Collins then quitclaimed her remainder interest in the property to herself and her husband, Richard.

¶6. Accordingly, Lockhart has a life estate in an undivided one-fourth interest; Bolin and Orene Hamilton have a life estate in the remaining undivided three-fourths interest; and Richard and Peggy Collins have the remainder of the entire 160 acres.

2

## PROCEDURAL HISTORY

¶7.    With the death of her husband in 2007, Betty Lockhart left the property and filed a complaint against the Hamiltons and the Collinses (the "Defendants") seeking to partition by public sale the 160 acres in which she has a life estate. The Defendants opposed the complaint, and asserted that Lockhart lacked standing to seek partition by sale. Additionally, the Defendants asserted that the property was not subject to partition, since it was homesteaded by the Hamiltons. The Defendants filed a motion to dismiss Lockhart's complaint, which the chancellor granted, in part.

¶8.    In a very detailed order, the chancellor found that Lockhart had standing to seek partition under Mississippi Code Section 11-21-3,[1] because both Lockhart and the Hamiltons, together as cotenants, share a present right to possess and use the property. The chancellor further found that Lockhart was not entitled to partition by sale, unless by written agreement of the parties under Section 11-21-1(2),[2] because the property was homesteaded by the Hamiltons. And she noted that, in the event a partition of the property should become

---

[1]Section 11-21-3 provides that "[p]artition of land held by joint tenants, tenants in common, or coparceners, having an estate in possession or a right of possession and not in reversion or remainder, whether the joint interest be in the freehold or in a term of years not less than five (5), may be made by judgment of the chancery court of that county in which the lands or some part thereof, are situated . . . ." Miss. Code Ann. § 11-21-3 (Rev. 2004).

[2]Section 11-21-1(2) provides that "[h]omestead property exempted from execution that is owned by spouses shall be subject to partition pursuant to the provisions of this section only, and not otherwise." Subsection (1) of Section 11-21-1 provides that "[p]artition of land held by joint tenants, tenants in common, and coparceners, may be made by agreement, which shall be evidenced by a writing, signed by the parties . . . ." Miss. Code Ann. § 11-21-1(2) (Rev. 2004).

3

available, a sale of the property was not warranted under Mississippi Code Section 11-21-11.[3]

¶9.    Lockhart appeals and claims that the chancellor erred in ruling that Section 11-21-1(2) acts to prevent partition, unless by written agreement, when the partition is not between spouses, but, rather, couples.

## DISCUSSION

*Standard of review*

¶10.    This Court will not disturb a chancellor's findings of fact unless such findings are manifestly wrong or clearly erroneous.[4]  But we review all questions of law de novo.[5]

**Whether partition by sale can occur by decree of the chancery court where more than one couple share a right to use and possess the property.**

¶11.    In Mississippi, the right to partition is absolute, however inconvenient it may be, with the exception of the limitation placed on homestead property.[6]  This statutory exception, provided in Mississippi Code Section 91-1-23 (Rev. 2004), prevents a forced partition of homestead property of a surviving spouse who is using and occupying the property.[7] Otherwise, partition of land "held by joint tenants, *tenants in common*, or coparceners,

---

[3]Mississippi Code Section 11-21-11 (Rev. 2004) provides for a partition sale where a chancellor determines (1) "a sale of the lands, or any part thereof, will better promote the interest of all parties than a partition in kind;" or (2) "an equal division cannot be made[.]"

[4]*Estate of Dykes v. Estate of Williams*, 864 So. 2d 926, 930 (Miss. 2003).

[5]*Id*.

[6]*Cheeks v. Herrington*, 523 So. 2d 1033, 1035 (Miss. 1988); *Daughtrey v. Daughtrey*, 474 So. 2d 598, 601 (Miss. 1985).

[7]Miss. Code Ann. § 91-1-23 (Rev. 2004).

having an estate in possession or a right of possession . . . may be made by judgment of the chancery court of that county in which the lands or some part thereof, are situated."[8]

¶12.   Lockhart's complaint specifically prays for the chancery court to partition the land in question by public sale and to divide the proceeds among her, the Hamiltons, and the Collinses.  As owners of a life estate, both Lockhart and the Hamiltons have a right to use and possess the property for the duration of their respective lives.  On the other hand, the Collinses are remaindermen and do not have a right to use and possess the property.  The statute allows for partition only as between ". . . tenants in common . . . having an estate in possession or a right of possession . . . ."

¶13.   A tenancy in common occurs when "two or more persons, in equal or unequal undivided shares,"[9] have an equal right to possess the property.  Moreover, our caselaw has recognized that:

> It is not essential to the right of partition that the cotenants shall have estates that are equal.  One may have a term, another an estate for life, and another an estate in fee.  All that is necessary is that they shall be cotenants of what is proposed to be partitioned. A *remainder or reversion will not be partitioned,* but that does not hinder an estate in possession from being partitioned among the co-tenants, and the fact that there is a remainder or reversion is not a bar to partition among those having an interest in possession.[10]

"Cotenant" is defined as a "tenancy with two or more co-owners who have unity of possession," such as a joint tenancy or a tenancy in common.[11]  Further, the manner in which

---

[8]Miss. Code Ann. § 11-21-3 (Rev. 2004).

[9]*Black's Law Dictionary* 1506 (8th ed. 2004).

[10]**Black v. Washington**, 65 Miss. 60 (1887).

[11]*Black's Law Dictionary* 1505 (8th ed. 2004).

5

the partition is accomplished is determined by one's right to possession.[12] Under the first paragraph of Section 11-21-3, partition is a possessory proceeding only. This means Lockhart has standing only to seek a partition against the Hamiltons as owners of the adjoining life estate and not against the fee of the estate owned by the Collinses as remaindermen.[13]

¶14. Next, because Lockhart had standing to proceed against the Hamiltons for partition, we address whether Section 11-21-1 is applicable. Section 11-21-1 provides that "[p]artition of land held by joint tenants, tenants in common, and coparceners, may be made by agreement, which shall be evidenced by a writing, signed by the parties . . . ." Subsection (2) of Section 11-21-1 states that "[h]omestead property exempted from execution that is *owned by spouses* shall be subject to partition pursuant to the provisions of this section only, and not otherwise." A plain reading of these two statutes reveals that when property is owned by spouses, and those spouses maintain the property as their homestead, partition is available only by written agreement between the parties. "When a statute is plain on its face, there is no room for statutory construction."[14]

¶15. We cannot agree with the chancellor's application of this statute, because the entire parcel of property was owned by the Hamiltons and Lockhart, not by spouses. In *Solomon*

---

[12]*Cheeks*, 523 So. 2d at 1036.

[13] "It is generally held that a life tenant or tenant for years can maintain a suit for partition as among his or her cotenants for life or for years. The holder of a life estate or an estate for years cannot sue the remaindermen or reversioners for partition in the absence of statutory authorization." 68 C.J.S. *Partition* § 69 (2011).

[14]*Camp v. Stokes*, 41 So. 3d 685, 686 (Miss. 2010).

*v. Solomon*,[15] this Court held that "where the wife of a tenant in common owning an undivided interest in land, occupies the land as a homestead, the occupation of the property by her does not enlarge her interest therein as against her husband's cotenants, but the land is at all times subject to partition by the cotenants."[16] Here, the fact that the Hamiltons occupy part of the land as a homestead does not enlarge their three-fourth interest in the land against their cotenant, Lockhart's one-fourths interest. Rather, the protections under the homestead statutes are respective to each cotenant's interest in the property.[17] Accordingly, the land is subject to partition by Lockhart, absent some statutory exception.

¶16. Nevertheless, the chancellor found that, in the event a partition of the subject property should become available, a sale of the property in the first instance was not warranted under Section 11-21-11. This statute requires that, before the court may order a sale in the first instance, it must find that a sale of the lands will better promote the interests of all parties than a partition in kind, or the court must be convinced that an equal division cannot be made.[18] Lockhart bears the burden to prove that the statutory requisites for a partition sale are met.[19] The record is devoid of any proof regarding either statutory requisite. And since the chancellor lacks the "authority to decree a sale unless the statutory requisites are 'clearly'

---

[15]*Solomon v. Solomon*, 192 So. 10 (Miss. 1939).

[16]*Id*.; *see also* **Carter v. Brewton**, 396 So. 2d 617, 618 (Miss. 1981) (quoting **Dillon v. Hackett**, 37 So. 2d 744, 746 (Miss. 1948)).

[17]*Id*.

[18]Miss. Code Ann. § 11-21-11 (Rev. 2004).

[19]**Overstreet v. Overstreet**, 692 So. 2d 88, 90-91 (Miss. 1997).

met and a 'substantial reason' exists for choosing partition by sale over partition in kind,"[20]

we cannot hold her in error.

## CONCLUSION

¶17.    Section 11-21-1(2) is inapplicable to the present facts.  Nevertheless, we agree with the chancellor's alternative ruling.  Accordingly, we affirm.

¶18.    **AFFIRMED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND KING, JJ., CONCUR.**

---

[20]***Unknown Heirs at Law of Blair v. Blair***, 601 So. 2d 848, 850 (Miss. 1992).