PIERCE, Justice,
 

 for the Court:
 

 ¶ 1. This Mississippi Tort Claims Act (MTCA) case arises out of an accident that occurred in Wayne County, Mississippi, between a school bus and a four-door passenger car. Following the accident, the driver of the car, Ernestine Worsham, brought suit alleging negligence and negligence per se on behalf of the driver of the school bus, and negligence, negligence per se, and gross negligence on behalf of Wayne County School District. After a bench trial, the driver of the school bus, Natasha Middleton, was dismissed from the suit. And despite evidence that a local county supervisor unilaterally had placed the speed-limit signs on County Farm Road, without a traffic investigation, approval by the Board, or passage of an ordinance, the trial court found Middleton’s actions constituted negligence per se, and thus awarded judgment in favor of Worsham in the amount of $800,000. Worsham was apportioned seventy-five percent fault, reducing the judgment against Wayne County School District to $200,000. Wayne County timely appealed. Because Mississippi Code Section 63-3-511 (Rev.2004) requires that “[wjhenever local authorities, including boards of supervisors ... determine and declare, by ordinance, a reasonable and safe speed limit,” that such determinations be made “upon the basis of an engineering and traffic investigation,” we reverse and remand for proceedings consistent with this opinion.
 

 FACTS AND LEGAL PROCEEDINGS
 

 ¶ 2. On February 12, 2008, Middleton was en route to a Wayne County school to
 
 *383
 
 pick up school children and take them home.
 
 [1]
 
 She was traveling west on County Farm Road. County Farm Road is a short, two-lane road that runs east and west and connects two major highways. The posted speed limit on the road at the time of the accident was thirty miles per hour.
 

 ¶ 8. While Middleton was traveling west on County Farm Road, Worsham attempted to exit a private driveway that connected to the northernmost lane of County Farm Road.
 
 [2]
 
 Worsham was attempting to exit the driveway by making a left turn onto County Farm Road, which if successful, would have put her traveling east, the opposite direction of Middleton.
 

 ¶ 4. There is conflicting testimony as to exactly what transpired next, but a collision occurred. Worsham contends that Middleton was a safe distance away to ensure that Worsham could complete her left-hand turn, but because Middleton was speeding, the accident occurred. To the contrary, Middleton claims she was within ninety feet of Worsham when Worsham began to exit the driveway, and that she was not speeding. After hearing the conflicting testimony, the trial court found that Middleton was likely 100-to-200 feet away from Worsham when Worsham entered County Farm Road; also, the court found that Middleton was traveling between thirty-five and forty-five miles per hour prior to the accident. As a result of the accident, Worsham’s injuries totaled $120,210.45 in medical costs, and her minor child’s total medical costs were $753.
 

 ¶ 5. Worsham filed suit in Wayne County Circuit Court on February 11, 2009, alleging negligence and negligence per se against Middleton, and negligence, negligence per se, and gross negligence against Wayne County School District (“Wayne County”). Worsham also sought punitive damages against Wayne County. Wayne County denied any liability and admitted that Middleton, its employee, was acting in the course and scope of her employment when the accident occurred.
 

 ¶ 6. After discovering that Wayne County Supervisor Fred Andrews unilaterally had placed the speed-limit signs on County Farm Road in violation of section 63-3-511,
 
 [3]
 
 Wayne County filed a motion for partial summary judgment on the issue of negligence per se. Subsequent to the motion for partial summary judgment, Wayne County filed a motion to amend its answer to reflect the statutory defense. The trial court denied Wayne County’s motion to amend, finding that Worsham was unduly prejudiced by the motion and that Wors-ham did not have adequate time to conduct discovery, even though Wayne County maintained that Worsham had the relevant information for more than five months pri- or to its filing the motion for partial summary judgment. Additionally, the trial court denied the motion to amend because Wayne County failed to specifically plead the statutory defense under Rule 9(d) of the Mississippi Rules of Civil Procedure. The trial court noted that Wayne County should have filed a motion to amend its answer prior to filing a motion for partial summary judgment.
 

 ¶ 7. On October 26, 2010, the trial court conducted a bench trial and later issued an
 
 *384
 
 order finding both Middleton and Wors-ham negligent, but failed to find evidence of gross negligence on behalf of either defendant.
 
 [4]
 
 The trial court substantively-addressed Wayne County’s statutory defense, despite its pretrial ruling, and found that, while the erection of the speedlimit signs was improper, the Board of Supervisors effectively had adopted the signs by allowing them to remain on County Farm Road since 2001. The trial court issued an order/judgment in favor of Worsham. Wayne County filed its post-trial motions on December 8, 2010. Wayne County filed a timely appeal, and raises the following issues:
 

 I. Whether the trial court erred in finding, as a matter of law, that a single member of a county board of supervisors can unilaterally post reduced speed limit signs on a county road without following the statutory requirements for establishing reduced speed limits.
 

 II. Whether the trial court erred in finding that Middleton, the bus driver for Wayne County, was negligent per se for driving at a speed greater than the illegally posted speed limit of thirty miles per hour.
 

 III. Whether the trial court erred in finding that Middleton’s speed was the proximate cause of the accident at issue.
 

 IV. Whether the damage award to plaintiffs was supported by substantial, credible and reasonable evidence.
 

 V.Whether the trial court erred in denying defendants’ motion for a new trial.
 

 ¶ 8. We find that only issues one and two have merit, and we will address both together.
 

 DISCUSSION
 

 A. Standard of review
 

 ¶ 9. This case was brought under the Mississippi Tort Claims Act, and, therefore, was subject to a hearing and determination without a jury.
 
 [5]
 
 Accordingly, the trial judge’s findings of fact must be supported by substantial, credible evidence.
 
 [6]
 
 This Court reviews questions of law, de novo.
 
 [7]
 

 B. Whether the trial court erred in finding that the speed-limit signs were valid and that Middleton was negligent per se.
 

 ¶ 10. Wayne County contends that the trial court erred when it ruled that a single member of the Board of Supervisors unilaterally can reduce the speed limit on a county road without complying with the mandatory requirements found in Section 63-3-511. Worsham avers that Wayne County is procedurally barred from raising this issue on appeal, because it was not properly raised according to Mississippi Rule of Civil Procedure 9(d). The trial court agreed with Worsham, and held that Wayne County should have sought leave to amend its answer prior to its filing a motion for partial summary judgment.
 

 ¶ 11. In denying Wayne County’s motion to amend its answer, the trial court
 
 *385
 
 relied on the following specific language found in Rule 9(d), which requires, in pertinent part, that:
 

 In pleading an ordinance of a municipality or a county, or a special, local, or private statute or any right derived therefrom, it is sufficient to identify specifically the ordinance or statute by its title or by the date of its approval, or otherwise.
 

 This Court finds this procedural rule to be inapplicable to the instant facts. Wayne County is not relying on a specific “ordinance” or a “special, local, or private statute” as its defense. Rather, Wayne County relies on a state statute and evidence of noncompliance with that statute to contend that, as a matter of law, it was not negligent per se. But even so, Worsham failed to object at trial to the testimony of Andrews. And the trial court specifically addressed the merits of Wayne County’s statutory defense in its final order. Thus, Wayne County is not procedurally barred from raising this issue on appeal.
 

 ¶ 12. Section 63-3-511 provides that “local authorities, including boards of supervisors ... determine and declare, by ordinance, a reasonable and safe speed limit,” and that such determinations be made “upon the basis of an engineering and traffic investigation.” At trial, Andrews testified that, in 2001, he had erected two thirty-mile-per-hour speed-limit signs on County Farm Road without authority from the Board or any other basis to do so. But the trial court held that, at the time of the accident, the thirty-mile-per-hour signs were controlling, because the Board of Supervisors effectively had adopted the signs through “implied dedication” and “prescription.” We disagree with the trial court’s application of the theories of prescription and dedication to the present circumstances.
 

 ¶ 13. Implied dedication is the donation of land or creation of an easement for public use by reasonable inference from the owner’s conduct.
 
 [8]
 
 The trial court found that the Wayne County Board of Supervisors accepted the speed-limit signs as valid when they allowed the signs to remain in place since 2001 without any attempt to have the signs removed. We cannot follow the trial court’s logic, and fail to make the connection between the unilateral act by Andrews and “implied dedication.” Moreover, the trial court’s reliance on the doctrine of prescription to validate the speed-limit signs is a stretch. The trial court cites
 
 Armstrong v. Itawamba County
 
 to support its findings. In
 
 Armstrong,
 
 the Court found that the board of supervisors never had adopted a road for public use in its official minutes, however its continued use by the public for more than ten years, along with a supervisor’s direction to maintain the road, made it a public road by prescription.
 
 [9]
 

 Armstrong
 
 provides little instruction to the present facts, and its application is misplaced.
 

 ¶ 14. Even if this Court applied the theory of prescription to the present circumstances, the facts would not support the trial court’s findings. In
 
 Myers v. Blair,
 
 this Court laid out the necessary elements to establish prescription, which are: “(1) open, notorious and visible; (2) hostile; (3) under claim of ownership; (4) exclusive; (5) peaceful; and (6) continuous and uninterrupted for ten years.”
 
 [10]
 
 Despite the fact that the signs had been in
 
 *386
 
 place for a period of less than ten years, the trial court found the signs to be controlling under the aforementioned theory, because no member of the public or the Board of Supervisors made any attempt to have the signs removed. We cannot agree with the trial court’s holding, and find the doctrine of prescription to have no bearing on whether a county supervisor can unilaterally change the speed limit on a county road.
 

 ¶ 15. What is controlling over the present facts is the statutory requirement laid out in Section 63-3-511, which requires that “local authorities, including boards of supervisors ... determine and declare, by ordinance, a reasonable and safe speed limit,” and that such determinations be made “upon the basis of an engineering and traffic investigation.” The foregoing statute is plain on its face, and leaves no room for statutory construction.
 
 [11]
 
 The statute requires two criteria: (1) that determinations be made on the basis of an engineering and traffic report; and (2) that the board of supervisors determine and declare a safe speed limit by ordinance based upon said engineering and traffic report. It is quite clear from the record that Andrews did not follow the law when he unilaterally placed the speed-limit signs on County Farm Road, without first having conducted an engineering and traffic investigation, and then seeking approval through an ordinance by the Wayne County Board of Supervisors.
 

 ¶ 16. Accordingly, the speed-limit signs in place at the time of the accident between Middleton and Worsham were not valid. And it naturally follows that, if Worsham failed to show that Middleton violated any statute or ordinance, then Worsham cannot prevail on a claim for negligence per se.
 
 [12]
 

 ¶ 17. That said, we decline to render a judgment in favor of Wayne County at this juncture. The trial court addressed only negligence per se in its final judgment, while the plaintiffs also had averred negligence and gross negligence. We remand for the trial court to address these additional claims in light of the record already before it. We do not intend for the plaintiffs to have a second try at proving their case, only that the trial court should rule on these additional claims based on the evidence already before it. Accordingly, we remand this case to the trial court for further proceedings consistent with this opinion
 

 CONCLUSION
 

 ¶ 18. We reverse and remand this case for further proceedings consistent with this opinion.
 

 ¶ 19. REVERSED AND REMANDED.
 

 WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND KING, JJ., CONCUR.
 

 [1]
 

 . Middleton testified that she was heading toward the junior high school. However, the trial-court order says she was en route to the elementary school.
 

 [2]
 

 . Ze'metrice, Worsham's minor child, was a passenger in the car.
 

 [3]
 

 ."[L]ocal authorities, including boards of supervisors ... [may] determine and declare, by ordinance, a reasonable and safe speed limit,” but such determinations must be made "upon the basis of an engineering and traffic investigation.” Miss.Code Ann. § 63-3-511(Rev.2004).
 

 [4]
 

 . The trial court assessed twenty-five percent fault to Middleton and seventy-five percent fault to Worsham, which resulted in a judgment against Wayne County for $200,000.
 

 [5]
 

 . Miss.Code Ann. § 11-46-13(1) (Rev.2002).
 

 [6]
 

 .
 
 Donaldson v. Covington County,
 
 846 So.2d 219, 222 (Miss.2003) (citing
 
 Maldonado v. Kelly,
 
 768 So.2d 906, 908 (Miss.2000)).
 

 [7]
 

 .
 
 Id.
 
 (citing
 
 City of Jackson v. Perry,
 
 764 So.2d 373, 376 (Miss.2000)).
 

 [8]
 

 .
 
 Black’s Law Dictionary
 
 185 (3d pocket ed. 2001).
 

 [9]
 

 .
 
 Armstrong v. Itawamba County,
 
 195 Miss. 802, 16 So.2d 752, 753-58 (Miss.1944).
 

 [10]
 

 . Myers v. Blair,
 
 611 So.2d 969, 971 (Miss.1992) (citations omitted). This case dealt with the establishment, by prescription, of a private road for public use.
 

 [11]
 

 .
 
 Camp v. Stokes,
 
 41 So.3d 685, 686 (Miss.2010).
 

 [12]
 

 . "Mississippi recognizes the doctrine of negligence per se, which in essence provides that breach of a statute or ordinance renders the offender liable in tort without proof of a lack of due care.”
 
 Palmer v. Anderson Infirmary Benevolent Ass’n,
 
 656 So.2d 790, 796 (Miss.1995). To prevail on a claim for negligence per se, a party must prove by a preponderance of the evidence that he or she was a member of the class sought to be protected under a statute, and that the injuries suffered were the type sought to be prevented. Further, the violation of the statute must be the proximate cause of the injuries.
 
 See Snapp v. Harrison,
 
 699 So.2d 567, 571 (Miss.1997).