## THORN v. THORN.

1. HOMESTEAD: TENANCY IN COMMON. A tenant in common may claim and hold a homestead in his interest in the undivided premises.
2. HOMESTEAD LIMITATION. The homestead when not within a town or city is limited to forty acres, unless its value is less than five hundred dollars, in which case it may be enlarged until its value reaches that sum. Revision of 1860, § 2284.

*Appeal from Cedar District Court.*

THURSDAY, OCTOBER 16.

ACTION of right to recover the undivided one-fourth of lot five in section 11, also of the N. E. ¼ and N. ½ of S. E. ¼ and E. ½ N. W. ¼ of section 23, all in Township 82, N. Range 1, West.

The action is founded upon the following, as the substance of the facts agreed upon between the parties:

1. That the plaintiff has the legal title to all of the above described lands, except what the defendant claims as a homestead.

2. That plaintiff purchased the same in October, 1858, at sheriff's sale on execution against defendant, and obtained a sheriff's deed, December 12, 1860, which was duly recorded.

3. That defendant held at the time of said sheriff's sale one undivided fourth interest in all of said lands.

4. That defendant held the legal title to all of said lands for seven years prior to plaintiff's purchase in October, 1858, and occupied the same under such title.

5. That while defendant held the legal title to said lands and was in actual possession thereof by himself and family, plaintiff instituted a proceeding in chancery against him, in which it was decreed that the defendant held the title to only one undivided fourth of said lands, the plaintiff a like title and interest to the residue thereof.

6. That during all this time defendant was the head of a family, occupied, and still continues in possession of said land claimed by him as his homestead, and that his interest therein is still an undivided fourth interest.

Upon the foregoing facts the defendant claimed a homestead of sixty acres, including his house, as the value thereof did not exceed $500. It was further stipulated between the parties that the controversy involved two questions.

1. Is the defendant entitled to claim, exempt from execution sale, a homestead in an undivided tract of land in which other parties have an equal undivided title or interest?

2. Can the defendant claim and be entitled to more than forty acres as a homestead?

Upon the facts as stated, the court below allowed the defendant a homestead of sixty acres as claimed, and the plaintiffs appealed

*Grant & Smith* for the appellant.

1. A joint tenant, or tenant in common of lands, owned equally by others—each having equal undivided interest therein—is not entitled to claim any specific part thereof, as exempt from execution sale, as his individual homestead, before partition. A homestead right is purely a question of statute law. By the common law no such privilege was granted, and the question at issue has been so seldom mooted in our courts, that after a thorough research of the statutes and decisions of other states, we find ourselves thrown back for guidance, almost entirely to our own state laws, rules of interpretation laid down in the books, and reason alone.

Chapter 81 of the Code of 1851, contains all the provisions in vogue, in this State, at the time of the acquirement of the rights claimed by the defendant, and there the right contended for can only be maintained by an equitable extension of the meaning of the statutes beyond its express words—a course which, however allowable in days when no clear division line had been drawn between the several parts of a government, is now frowned upon. *Monson* v. *Chester*, 22 Pick., 385; Sedg. Stat. and Const. L., 292; *Wolf* v. *Fleishaker*, 5 Cali., 244; *Reynolds* v. *Pixley*, 6 Id., 165; *Heischfeldt* v. *George*, 6 Mich., 457; 12 La. An., 473; *Waller* v. *Harris*, 20 Wend., 555; *Clark* v. *The City of Utica*, 18 Barb., 451; *Jones* v. *Smart*, 1 S. R., 44; Code of 1851, §§ 1251–1245; Rev., 1860, §§ 2283–2287.

2. The court erred in adjudging that defendant was entitled to a homestead, as claimed, without, also, appointing referees to divide and set off the same, as required by statute in cases of partition. Chap. 117, Code of 1851.

3. Further, it appears that the tract claimed by defendant was sold by execution on a judgment at sheriff's sale, to satisfy such incumbrance, and if we are right in our first point, then John Thorn, before partition, could not claim

this land as a homestead; as a sequence it would be liable to attachment. If, then, it was not exempt in 1858, at the time of sale, and the purchaser has obtained his deed therefor, a subsequent partition would not operate retrospectively, to such an extent as to interfere with the rights of the plaintiffs, which had already accrued. The land was then subject to sale under judgment; it was sold, and defendant is now too late in an application for a remedy, which would be in derogation of plaintiff's acquired rights.

*Spicer & Pratt* for the appellee.

I. The defendant having occupied the lands in dispute, as a homestead, for more than seven years, no decree of a court could lessen his estate therein, or deprive him of his homestead therein, unless the wife is made a party thereto. Code of 1851, chap. 91; Rev., 1860, §§ 2277, 2279, 2286, 2296; *Dickson et al.* v. *Chorn et al.*, 6 Iowa, 630; *Ladlock* v. *Eccles*, 20 Texas, 782; *Meek and wife* v. *Marsh*, 9 Cali., 90; *Revalk* v. *Creamer*, 8 Id., 66–74.

II. The husband and family are entitled to their homestead even though the lands be held by him as a tenant in common. *Gunnison* v. *Levitchell*, 38 N. H., 62; *Hiatt* v. *Webb and wife*, 36 Id., 158; *Moss* v. *Warner and wife*, 10 Cole, 296; *North* v. *Shearer*, 15 Tex., 174.

III. The homestead remains with the defendant and his family so long as they continue its use and occupation, with the right under which they originally held. *Charless and Blow* v. *Lamberson*, 1 Iowa, 435; *Kendall and wife* v. *Clark*, 10 Cali., 17; *Rhodes, Pegram & Co.* v. *McCormack*, 4 Iowa, 368.

IV. Possession by the defendant and his family was notice of his interest to all the world, and no further notice was necessary. Rev., 1860, §§ 2286, 2295, 2296; *Yost* v. *Devault*, 9 Iowa, 60; *Helfenstein & Gore* v. *Cave*, 6 Id., 374; *Dickson et al.* v. *Chorn et al.*, Id., 19; *Alley* v. *Bay et al.*, 9

Thorn v. Thorn.

Id., 509; *Thomas* v. *Dodge*, 8 Mich., 51; *Bucher* v. *Boldy*, 7 Id., 488; *Moss* v. *Warner and wife*, 10 Cali., 296; *Cook et al.* v. *McChristine*, 4 Id., 23; *Pryor* v. *Stone*, 19 Tex., 37.

V. When all the parties interested are before the court, it may settle the extent of the homestead, and any other matters necessary to its ascertainment. *Helfenstien & Gore* v. *Cave*, 6 Iowa, 379; *Atkinson* v. *Atkinson*, 37 N. H., 434; *Beecher* v. *Boldy*, 7 Mich., 488.

LOWE, J.— It will be noticed that by the agreement of the parties the court below was limited in its decision upon the facts stated, first: to the abstract question whether the defendant was entitled to claim exempt from execution sale, a homestead in an undivided tract of land, in which other parties have an undivided interest, as tenants in common. If so, then, secondly: whether the defendant can claim more than forty acres as a homestead?

This last proposition is very clearly settled in the affirmative by § 2284, Rev. of 1860, to the effect that if the homestead is not within a town plat, it must not embrace in the aggregate more than forty acres, nevertheless, if, when thus limited, its value is less than $500, it may be enlarged till its value reaches that amount.

In regard to the first proposition, it does not necessarily include the question whether a tenant in common can set up the defense of a homestead in an action of right without an appeal to the chancery side of the docket to have the same recognized and set apart as in cases of partition. Neither the agreement of the parties, nor the pleadings raised the question as to the proper method or proceeding of having a homestead of a joint tenant set apart or protected. It is true the plaintiffs by their demurrer to defendant's plea did raise such a question, but waived it by replication and subsequent stipulation making and agreeing upon a particular issue upon which they went to trial. In

this condition of the record, it is not competent for the appellant to present to this court for the first time, questions which were not passed upon or brought to the consideration of the court below.

We proceed, therefore, to consider briefly the question whether a joint tenant can claim under the statute of this state the homestead privilege against his co-tenants. Why not? The first section of the homestead law exempts from judicial sale the homestead of every head of a family, when there is no special declaration of the statute to the contrary. The only exceptions or declarations to the contrary are to be found in §§ 2280, 2281. Joint tenancy is not one of these. How this homestead privilege is to be secured to the party claiming it, as a tenant in common with others, is altogether a different question, but not before us for determination.

The undivided one-fourth of the lands in question was about ninety acres. The amount claimed by defendant as a homestead was so much less than this, and located in such a form as not to affect materially the value and form of the remaining lands, that we suppose the plaintiffs were content with the division as made and claimed by defendant, provided he was entitled to a homestead at all under the circumstances, and hence the submission of the question in the particular form specified.

The appellant, however, to sustain his position that a homestead cannot be taken out of and identified upon land held in common, cites 5 California, 244, which holds this language: "*The statute did not contemplate that homesteads should be carved out of land held in joint tenancy, or tenancy in common, since it has provided no mode for their separation and ascertainment.*" A similar ruling was made in 6 California, 165.

But can such a reason be rendered in view of the provisions of our statutes?

Suppose the defendant before his undivided interest was attempted to be extinguished by levy and sale, had filed a petition, setting forth in connection therewith his homestead right, and asking that in the petition it should be respected and secured to him, could it not have been done without diminishing or interfering with the just rights of his co-tenants? If the land should be found divisible without prejudice to the parties, it is competent for the referees to allot the shares to their respective owners, without having the same drawn, &c. Section 3617 of the Revision of 1860, declares that for good and sufficient reasons offered to the court, the referees may be directed to allot particular portions of the land to particular individuals. Under the discretion and power given to the referees by this section through the court, we do not see why the homestead may not be awarded to the proper owner or tenant without the slightest detriment to his co-tenants. Independently of any homestead right, it has been held by some courts, that where one of the joint tenants had made valuable improvements, that on partition subsequently made he would be entitled to that part on which improvements had been made, or to compensation. *Robinson* v. *McDonald*, 11 Tex., 385.

Such a ruling is founded in obvious justice and reason. The homestead right is derived alone from the statute, but cannot be claimed and enforced by one tenant in common to the detriment of his co-tenants. Hence if he should happen to have erected and occupied a homestead on a piece of land which could not be partitioned without great prejudice to his co-tenants, it would have to be sold, but in that event the court would see that the value of the homestead and improvements, distinct from the land, would be secured to the party at whose expense and labor they had been made. From this last suggestion, it will readily be perceived that the manner of recognizing and setting apart

a homestead as it was done in the case at bar, is liable to very great abuse, sometimes wholly impracticable, and often would result prejudicially to the rights of the other co-tenants. And in affirming this case we do not mean to sanction it as a precedent to be followed. On the other hand we think it ought not to be followed or adopted as a rule. When two or more persons hold undivided interests in land, their interests can be separated only in one of two ways, either by an amicable partition in releasing to each other, or by statutory proceeding in partition. If they adopt this latter course, it cannot be united with any other action. § 4178, Rev. of 1860. Nevertheless such an action of right, if a joint tenant desires to set up a homestead by way of defense, we know no reason why he should not ask the court to suspend the proceeding in that case, until the parties shall interplead as in partition cases, and have his homestead duly ascertained and allotted to him in the manner above suggested, if practicable. When this is done he will be in a condition to make his homestead defense available in the action of right. If it should turn out that no partition could be made without great prejudice to the parties interested, then his defense to the action of law, would fall to the ground and he would be compelled to accept in money such compensation for his homestead as the court and referees might, under all the circumstances, award to him.

Although the proceedings in this case were irregular, we do not interfere with them; we are not required by the record to settle any question of procedure, but simply a principle or right, and this we determine, as the court below did, in favor of the defendant, and therefore the judgment is

Affirmed.