ETHEL MYRICK, Appellant, v. NONA E. BLOOMFIELD, Appellee.

**HOMESTEAD:** Life Occupancy—Unprayed-for Relief. A surviving spouse who, in a contest with an heir of the intestate's, claims absolute ownership of the entire homestead, and who is decreed to own only an undivided fractional part thereof, may be decreed the right to elect to occupy the homestead for life, even though there is *no prayer* for such relief. (See Book of Anno., Vol. 1, Sec. 11573.)

**APPEAL AND ERROR:** Decision—Effect. A party who, in the trial court, is decreed a specific time from final adjudication either in the trial or the Supreme Court in which to make an election, has such time after affirmance of the decree in the Supreme Court.

Headnote 1: 29 C. J. p. 992. Headnote 2: 29 C. J. p. 999.

*Appeal from Monroe District Court.*—E. S. WELLS, Judge.

OCTOBER 19, 1926.

Action to settle the rights of the respective parties hereto in certain town property in the city of Albia, for partition thereof, and for an accounting. From the decree entered by the district court, the plaintiff appeals.—*Affirmed.*

*Baker & Doran* and *J. F. Abegglen,* for appellant.

*Mabry & Mabry,* for appellee.

ALBERT, J.—The appellant, Ethel Bloomfield, was born in the year 1892. She was the daughter of Frank Bloomfield and his then wife. Bloomfield and his wife were divorced in the year 1896, and on the 26th of June, 1906, he was married to appellee herein. There was no child resulting from the second marriage, and appellant was the only child of the first marriage. Shortly after the divorce, appellant, being then about five years of age, removed to Boone in the state of Iowa, where she has ever since resided. Her name was originally Ethel Bloomfield, and she was subsequently married to one Leonard Myrick. Frank Bloomfield died intestate on June 25, 1918, and at that time the record title to the property in question stood in him. On October 16, 1918, appellee herein instituted a proceeding in the district court of Monroe County, to quiet the title to the said property, which was known as Lot 4 in Block 3 in Alford's First Addition to the city of Albia, making Ethel Myrick one of the defendants therein, and also covering unknown claimants. She filed an affidavit of inability to serve the defendant within the state of Iowa, published a notice, as required by statute; and decree was entered in her favor at the November, 1918, term of the district court, quieting the title in her. Appellee occupied the property in question from the date of the death of her husband until the time this action was instituted.

Appellant's petition is in two divisions. In the first division, the aforesaid decree, quieting title in appellee, is attacked as fraudulent. In the second division, she alleges that she is the owner of an undivided two-thirds interest in said property, and the appellee the owner of the remaining one-third interest. She asks to recover rent for her alleged two-thirds interest.

Appellee filed answer, admitting that Frank Bloomfield,

her husband, died on the date specified, but denied the interest of Ethel Myrick in said property. She alleges that she is the absolute and unqualified owner in fee of said property, by reason of certain facts alleged to constitute a resulting trust. In the second division of her answer, she relies on the validity of the decree in the aforesaid equity action brought by her to quiet title; denies that she ever knew of the existence of Ethel Myrick as the daughter of Frank Bloomfield; denies knowledge or information of the residence of appellant; asserts that she made diligent search to serve appellant, and was unable to ascertain her place of residence; asserts the truth of the affidavit on which the published notice in that proceeding was based; and asserts that the appellant is barred to assert any right or interest to said property by the decree entered in that proceeding.

After trial, the court found that the action to quiet title instituted by appellee against the appellant was null and void, and set the same aside in its decree. From this part of the decree the appellee herein appealed to this court; but, for some reason not shown in the record, her appeal was dismissed.

The court, for further decree, found that appellant was not, at this time, entitled to partition, because appellee, as the surviving widow, was entitled, if she elected, to hold and occupy said homestead during her natural lifetime, as by law in such cases made and provided. On this phase of the matter, in its decree, the court held that appellant was seized of an undivided two-thirds interest in and to the aforesaid real estate, subject to the right of appellee, as the surviving spouse, to elect to occupy said premises for and during her natural lifetime as a homestead; that, on the death of Frank Bloomfield, appellee became seized of an undivided one-third interest in the premises, as her distributive share, except in case she elected to occupy the whole of said premises as a homestead, in which latter event appellant became seized of said premises in fee simple, subject to the said homestead right. The decree states that appellee "is hereby given the right, for thirty days after final adjudication in this cause, whether in this court or on appeal to the Supreme Court, to elect whether she will take her distributive share therein, then and in that homestead right therein, and in case she elects to take her distributive share therein, then and in that event, the plaintiff will be entitled to a supplemental decree for partition

of said premises, unless the parties mutually agree otherwise in relation thereto.'' The decree in the action to quiet title, brought by the appellee, was vacated, set aside, and held for naught. From the part of the decree in this case giving appellee the right to elect between the distributive share and the homestead right, and incidentally the failure of the court to make her account for the occupancy thereof, Ethel Myrick appeals.

The controlling question in the case is a very narrow one. The appellee in her answer, as heretofore abstracted, closes with the following prayer:

''Wherefore, the defendant demands judgment dismissing the plaintiff's petition, and for costs.''

It is insisted by appellant that, because appellee did not plead her right to elect to take the homestead right in her answer, and nowhere in her pleading claimed such right, nor prayed for it therein, the court was without power to grant her such relief. To simplify the matter, Ethel Myrick's claim is that she was the owner of an undivided two-thirds interest in said property, and the appellee of an undivided one-third interest in said property. The appellee, by answer, claims that she was the absolute owner of said property: first, by reason of the decree in the action to quiet title, and secondly, by reason of a resulting trust. The district court held that the appellee was not the owner in fee of said property, and that, under the statute, she had a right of election, if she chose to so do, in taking the homestead in the property for life. We hold that the decree of the district court was right.

1. HOMESTEAD: life occupancy: unprayed-for relief.

It is true that the primary right of the surviving widow in the real property of her husband is that of a distributive share (*Egbert v. Egbert,* 85·Iowa 525; *Smith v. Smith,* 132 Iowa 700); but the statutes of the state, Sections 10145, 10146, and 12006 to 12015, inclusive, Code of 1924, provide for her waiver of such right by her election to occupy the property as a homestead during her natural life. As throwing light on this subject, see *Thomas v. Thomas,* 73 Iowa 657.

We are unable to discover why, under this situation, the appellee, when she fails to prove her asserted fee ownership, should be deprived of any other right she has in said property. The statute gives her the right, if she chooses to exercise it, of

taking the homestead, instead of the distributive share, and the court reserved to her this right in its decree. The fact that she did not specifically claim said right, or pray for it in her pleading, would be no cause for depriving her of it. No notice having been served upon her, as required by statute, calling for her election, the right still remained in her to make such election, if she chose so to do, after the respective rights of the parties in the property were fully determined by the court. She, asserting full ownership, was not in a position to determine whether she would take her distributive share or her homestead right until the respective rights of the parties in the property were finally settled. We see no error in the ruling of the court in this respect.

One other question is discussed in the case: to wit, whether or not, under the decree, appellee still has the right of election. There were certain findings made by the court preceding the decree entered by it. In the findings, reference was made to this right of election, and a 30-day limitation was provided, within which appellee must exercise the same; but, in the decree itself, as distinguished from the finding, Nona E. Bloomfield is "given 30 days from and after final adjudication in this cause, whether in this court or on appeal to the Supreme Court, to elect whether she will take her distributive share therein." Under this wording, the case being affirmed by this court, she has 30 days, after final disposition of the cause in this court, within which to exercise her election, if she so chooses; and, in event she does not elect within that time to take her homestead rights in said property, appellant will be entitled to a supplemental decree for partition of said premises, as provided in the decree of the district court.—*Affirmed.*

2. APPEAL AND ERROR: decision: effect.

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.