759 N.W.2d 637 (2008)
Patrick R. COYLE, Plaintiff-Appellee,
v.
Patricia D. KUJACZYNSKI and PHH Mortgage Services, Defendants-Appellants.
No. 08-0343.
Court of Appeals of Iowa.
November 13, 2008.
Gregg Geerdes, Iowa City, for appellant.
David E. Brown and Benjamin P. Hayek of Hayek, Brown, Moreland & Hayek, L.L.P., Iowa City, for appellee.
Considered by SACKETT, C.J., and EISENHAUER and DOYLE, JJ.
DOYLE, J.
Patricia D. Kujaczynski appeals from the district court's decree directing the partition of her homestead by sale and the equal division of its sale proceeds with her joint tenant. Kujaczynski contends the district court erred because her homestead interest in the home precluded any involuntary partition sale of the property. Alternatively, Kujaczynski maintains she is entitled to a greater share of the sale proceeds. Upon our review, we affirm the judgment of the district court.

I. Background Facts and Proceedings.
Kujaczynski and Patrick R. Coyle, an unmarried couple, bought a home together *638 in 1997 as joint tenants with full rights of survivorship. They resided together in the home until 2005 when Coyle ended the relationship and moved out. Coyle offered to sell his interest in the property to Kujaczynski, who still lived in the home, and he alternatively proposed that they sell the property and split the proceeds. Kujaczynski rejected both suggestions, and Coyle filed a partition action to force a sale of the property. Kujaczynski claimed her homestead interest in the home precluded any involuntary sale of the property by a partition action. Alternatively, Kujaczynski maintained she was entitled to a greater share of the sale proceeds. Neither of the parties requested that the property be partitioned in kind. Following a trial on the matter, the district court entered a decree ordering the partition of the property by sale, finding that it was impracticable to divide the property in kind, and ordering that its sale proceeds be divided equally between the parties.
Kujaczynski appeals. Kujaczynski contends the district court erred in ordering the sale of the home, and alternatively, ordering an equal division of its sale proceeds.

II. Scope and Standards of Review.
An action to partition real property is an equitable proceeding. Iowa R. Civ. P. 1.1201(1). Therefore, our review is de novo. Iowa R.App. P. 6.4. In equity cases, especially when considering the credibility of witnesses, we give weight to the fact findings of the district court, but are not bound by them. Iowa R.App. P. 6.14(6)(g).

III. Discussion.
Kujaczynski contends the district court erred because her homestead interest in the property she jointly owns with Coyle precluded any involuntary partition sale of the property. Alternatively, Kujaczynski maintains she is entitled to a greater share of the sale proceeds. For the following reasons, we disagree.

A. Partition of Property Designated as Homestead.
Before addressing the issues presented by Kujaczynski, we set forth the general principles applicable to homestead law in Iowa. "Homestead laws are creatures of public policy, designed to promote the stability and welfare of the state by preserving a home where the family may be sheltered and live beyond the reach of economic misfortune." Merchants Mut. Bonding Co. v. Underberg, 291 N.W.2d 19, 21 (Iowa 1980) (citing 40 Am.Jur.2d Homestead § 4, at 118 (1968)); see also In re Estate of Tolson, 690 N.W.2d 680, 682 (Iowa 2005). Stated another way, the purposes of homestead laws are to "reliev[e] the state's burden of supporting destitute families, increasing family stability by providing refuge from economic misfortunes, and encouraging property ownership and individual financial independence." 40 C.J.S. Homestead § 2, at 207 (2006) (footnotes omitted). As one treatise explains, "[t]he property designated as a homestead is intended to be placed out of reach of creditors while it is occupied as a home, to secure to a debtor and his or her family necessary shelter from creditors." 40 Am. Jur.2d Homestead § 4, at 385 (2008) (footnotes omitted).
In Iowa, "[h]omestead rights are purely statutory and get their vitality solely from the provisions of legislative enactment." Merchants Mut. Bonding Co., 291 N.W.2d at 21. Iowa Code chapter 561 (2005), which sets forth homestead rights in Iowa, provides special procedures to protect homestead rights. Martin v. Martin, 720 N.W.2d 732, 738 (Iowa 2006). Specifically, Iowa law exempts one's homestead *639 "from judicial sale where there is no special declaration of statute to the contrary." See Iowa Code § 561.16 (emphasis added); see also Iowa Code § 561.1 (defining "homestead").
Iowa Code section 561.21 provides specific exceptions to the homestead exemptions stated in section 561.16. See Baratta v. Polk County Health Servs., 588 N.W.2d 107, 110 (Iowa 1999); Cox v. Waudby, 433 N.W.2d 716, 719 (Iowa 1988). Additionally, the Iowa Supreme Court has addressed whether an exception to the homestead exemption exists outside of chapter 561 in several different contexts.
In In re Property Seized from Bly, 456 N.W.2d 195, 196 (Iowa 1990), the Iowa Supreme Court determined a legitimately acquired homestead may not be forfeited to the State under Iowa Code chapter 809 when it has been used by its owner to facilitate the commission of a criminal offense. There, the court concluded that because chapter 809 did not expressly mention the homestead exemption and because forfeitures are severe sanctions not favored by our law, the current Iowa statutes did not permit the State to forfeit a legitimately acquired homestead under section 809.1(2)(b) even though the homestead was used by its owner to facilitate the commission of a criminal offense. Bly, 456 N.W.2d at 200.
However, in In re Marriage of Tierney, 263 N.W.2d 533 (Iowa 1978), the Iowa Supreme Court addressed the application of the homestead exemption in the context of dissolution of marriage. In Tierney, a husband asserted the marital home was his homestead, and consequently Iowa Code section 561.16 prohibited the district court from ordering in its dissolution decree that the home be sold to pay the parties' debts. Tierney, 263 N.W.2d at 534. At that time, section 598.21 stated: "When a dissolution of marriage is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be justified...." Iowa Code § 598.21 (1977). Although section 598.21 did not expressly mention the homestead exemption, our supreme court explained that it had long recognized that section 598.21 constituted a "special declaration of statute" creating an exception to the judicial sale prohibition of homesteads stated in section 561.16. Tierney, 263 N.W.2d at 534-35. The court further noted that "when a dissolution occurs, the family unit which the homestead laws are designed to protect is put asunder." Id. at 534. Thus, based upon the purpose of homestead laws and the special declaration of statute implicit in section 598.21, the court concluded that homestead laws have no application in a suit for divorce and alimony. Id. at 535.
In Cox v. Waudby, 433 N.W.2d 716 (Iowa 1988), the Iowa Supreme Court addressed the homestead exemption's application to constructive trusts. In Cox, a husband and wife purchased property, designated as their homestead, with proceeds obtained by the husband in a fraudulent transaction. Cox, 433 N.W.2d at 718. The wife had no knowledge that the funds had been obtained fraudulently, and the husband and wife maintained the defrauded party was precluded from tracing the proceeds of the fraud into their homestead property, arguing the property was protected by the homestead exemption. Id. at 717-18. The district court disagreed, and the Iowa Supreme Court affirmed, explaining:
This court has already indicated that the homestead nature of property does not shield it from the right of a constructive trustee to trace proceeds of the trust property. In In re Munsell's Guardianship, 239 Iowa 307, 31 N.W.2d 360 (1948), we held that, where funds *640 from a ward's bank account were wrongfully used to make a mortgage payment on the guardian's home, a constructive trust would attach to the homestead for payment of the wrongfully diverted funds. In McGaffee v. McGaffee, 244 Iowa 879, 58 N.W.2d 357 (1953), we held that an equitable lien could be impressed against the defendants' homestead property to the extent that funds originating from a fraudulently acquired business were used to pay a mortgage and other charges against the homestead.
The listing of specific exceptions to the homestead exemption in the statute does not change the analysis. Although exemption statutes are to be liberally construed in favor of the debtor, our construction must not extend the debtor privileges not intended by the legislature. We conclude the legislature never contemplated or intended that a homestead interest could be created or maintained with wrongfully appropriated property. Where wrongfully obtained funds are used to purchase property, the property does not belong to the purchasers, and therefore, to the extent of the illegal funds used, they never acquire a homestead interest. The same principle applies where the funds are used to retire debt against the homestead.
Id. at 718-19 (internal citations omitted) (emphasis added).
An exception to the homestead exemption has also been found within the framework of partition actions. See Thorn v. Thorn, 14 Iowa 49 (1862). Partition is defined as "the division of real property held jointly or in common by two or more persons into individually owned interests." Black's Law Dictionary 1141 (7th ed. 1999); see also Peterson v. Peterson, 355 N.W.2d 26, 28 (Iowa 1984). "When two or more persons hold undivided interests in land, their interests can be separated only in one of two ways, either by an amicable partition in releasing to each other, or by statutory proceeding in partition." Thorn, 14 Iowa at 56. Statutory partition actions are governed by Iowa Code chapter 651, as well as Iowa Rules of Civil Procedure 1.1201 through 1.1228. Pursuant to rule 1.1201, unless it is equitable and practicable to divide the jointly owned property in kind, property must be partitioned by sale and the proceeds divided by the owners. See Iowa R. Civ. P. 1.1201(2)-(3).
In Thorn, 14 Iowa at 49, the Iowa Supreme Court decided the issue of whether a property designated as one tenant in common's homestead precludes a partition action by another tenant in common. There, the plaintiff owned an undivided one-fourth interest in the subject property as a tenant in common with the defendant, who owned the undivided remainder interest in the property. Thorn, 14 Iowa at 50. The plaintiff brought a partition action, and in defense to the action, the defendant claimed sixty acres of the property as his homestead. Id. Although the court acknowledged that homesteads were exempt from judicial sale "when there is no special declaration of the statute to the contrary," it determined that "[t]he homestead right... cannot be claimed and enforced by one tenant in common to the detriment of his co-tenants" without ever determining that a "special declaration of the statute to the contrary" existed. Id. at 54, 55. Instead, based upon the facts of the case, the court held that homestead could be asserted as a defense in the case against partition because the land could be partitioned in kind. Id. at 55-56. However, the court further concluded that the homestead defense must fail where the land cannot be partitioned in kind without great prejudice to the parties interested. Id. at 56.
*641 Other jurisdictions have similarly concluded that a cotenant's homestead interest must give way to another cotenant's right of partition. See, e.g., Squibb v. Squibb, 190 Cal.App.2d 766, 12 Cal.Rptr. 346, 348 (2 Dist.1961) (stating "[t]he law is now clear that a statutory homestead interest does not deprive the co-tenant of the right to have the common property partitioned and sold and that the homestead right of the co-tenant in his interest in the common property is no bar to a suit for that purpose"); Banner v. Welch, 115 Kan. 868, 225 P. 98, 100 (1924) (stating "[t]he rule is well settled that, when two or more parties buy real property, and become owners thereof as tenants in common, one of them cannot, as against his cotenant, establish a homestead upon the whole. All he can do is to establish a homestead as to creditors upon his separable interest or title."); Ladd v. Swanson, 24 Mass.App.Ct. 644, 511 N.E.2d 1112, 1113 (1987) (holding "the defendant cannot rely upon the declaration of homestead to defeat or frustrate the right of her tenants in common to partition the tenancy"); Solomon v. Solomon, 187 Miss. 22, 192 So. 10, 10 (1939) (stating "occupation of the property... as a homestead did not enlarge [an] interest therein against ... cotenants, and it was at all times ... subject to partition at the suit of [the] cotenants"); Cooper v. Long, 93 Okla. 239, 220 P. 610, 610 (1923) (holding "[a] cotenant, the head of a family, ... cannot subject to the homestead rights a tract of land held in cotenancy, to the exclusion of the rights of the other cotenant ..."); Wisner v. Pavlin, 719 N.W.2d 770, 779 (S.D.2006) (declining "to hold that the rights of a cotenancy are subject to previously established homestead interests"); Sayers v. Pyland, 139 Tex. 57, 161 S.W.2d 769, 773 (1942) (stating "while one tenant in common may acquire homestead rights in the common property, the rights so acquired are not superior to the rights and remedies of the other joint owners"); see also W.W.A., Annotation, Homestead Right of Cotenant as Affecting Partition, 140 A.L.R. 1170, 1171 (1942) (stating that "[t]he cases uniformly hold or assume ... that the homestead rights of a cotenant, or of his spouse or family, in respect of his interest in the common property are not a bar to partition").
Based upon the Iowa Supreme Court's reasoning and holdings set forth in Tierney, Cox, and Thorn, we conclude a cotenant's homestead interest must give way to another cotenant's right of partition by sale where the property cannot be partitioned in kind without great prejudice to the parties interested. We reiterate our supreme court's statement in Cox: "Although exemption statutes are to be liberally construed in favor of the debtor, our construction must not extend the debtor privileges not intended by the legislature." Cox, 433 N.W.2d at 719. We conclude the legislature, in providing for homestead protection, never contemplated or intended that a homestead interest could be created or maintained against other co-owners of the property. Rather, the legislature merely sought to put homesteads beyond the reach of creditors. In reaching this conclusion, we note that the result is consistent with the purpose of Iowa Code section 561.16, our supreme court's ruling in Thorn, and with other jurisdictions that have addressed this issue. We find no merit in Kujaczynski's assertions that our case law prohibits such actions,[1] and conclude *642 that Bly is distinguishable on the basis that it concerns a forfeiture action, a severe sanction not favored by our law, brought by the State and not a cotenant. Consequently, because it is undisputed that the property could not be partitioned in kind, we conclude the district court did not err in determining Kujaczynski's homestead interest in the property did not preclude the involuntary partition sale of the property and affirm.

B. Division of Sale Proceeds.
In a partition action, proceeds from the sale of the property are to be divided according to the interest each party held in the property prior to the sale. See Iowa R. Civ. P. 1.1209. Here, the property was held in joint tenancy with rights of survivorship. Thus, each party held an undivided interest in the whole property that, upon severance of the joint tenancy, became an interest in one-half of the property. In re Estate of Bates, 492 N.W.2d 704, 706-07 (Iowa Ct.App.1992). This does not mean, however, that each party is simply entitled to one-half of the proceeds after deducting the costs of the sale. It has long been held that parties may be entitled to reimbursement for things such as value-enhancing improvements or indebtedness. See Mahon v. Mahon, 254 Iowa 1349, 1352, 121 N.W.2d 103, 106 (1963) (improvements); Creger v. Fenimore, 216 Iowa 273, 276, 249 N.W. 147, 148 (1933) (note secured by mortgage). Consequently, the law of partition, as well as general equitable principles, provides for reimbursement of the contributions of the parties and an equal division of any remaining proceeds.
Kujaczynski contends she is entitled to a greater interest in the property because she has designated the property as her homestead. We find no authority or support for her claim, and consequently conclude the claim is without merit. As such, we conclude that the district court did not err in ordering that the sale proceeds be divided equally between the parties.

IV. Conclusion.
Because we conclude the district court did not err in determining Kujaczynski's homestead interest in the property did not preclude the involuntary partition sale of the property, and that the district court did not err in ordering that the sale proceeds be divided equally between the parties, we affirm the judgment of the district court.
AFFIRMED.
NOTES
[1] Kujaczynski cites Mensinger v. Hass, 240 Iowa 71, 35 N.W.2d 461 (1949), Myrick v. Bloomfield, 202 Iowa 401, 210 N.W. 428 (1926), and Dalton v. Dalton, 184 Iowa 391, 168 N.W. 884 (1918), for the proposition that homestead rights defeat a cotenant's partition action. However, each of these cases concerned the homestead rights of a surviving spouse. Because chapter 561 provides special remedies to surviving spouses, these cases are distinguishable from the present case.