# IN THE COURT OF APPEALS OF IOWA

No. 21-0834
Filed August 3, 2022

**MARY DE JONG, f/k/a MARY KRON,**
Plaintiff-Appellant,

**vs.**

**BRENDA MUNSON,**
Defendant-Appellee,

**WELLS FARGO BANK, N.A. and UNIFUND CCR, LLC,**
Defendants.

_____

Appeal from the Iowa District Court for Marion County, Terry R. Rickers, Judge.

Plaintiff appeals dismissal of her petition to partition real property. **REVERSED AND REMANDED.**

Haley R. Van Loon, Brent D. Kahler, and Thomas D. Story of Brown, Winick, Graves, Gross, & Baskerville, P.L.C., Des Moines, for appellant.

David A. Tank, West Des Moines, and Manuel A. Cornell of Dorsey & Whitney LLP, Des Moines, for appellee.

Considered by Bower, C.J., Ahlers, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**BLANE, Senior Judge.**

In this appeal, we are called to decide whether Iowa Code section 651.12 (2020) requires the court to grant a petition for partition of real property by sale filed by a tenant in common, or whether the court may reject the petition based on equity. Mary De Jong claims the trial court wrongly determined, despite her being a tenant in common, that she did not have an interest in the subject real estate sufficient to be entitled to partition. Brenda Munson contends the court correctly applied equitable principles in denying partition. Upon our review, we determine De Jong established her interest in the property and consequently her right to partition. And, because the legal remedy available is inadequate, and no equitable consideration justifies curtailing her right to partition, we reverse and remand for further proceedings on the partition action.

## I.     Background facts and proceedings.

In 2010, Munson wanted to purchase a home for herself in Pella but could not qualify for a loan without a co-signer. After asking and being rejected by a number of family members, Munson's older sister, De Jong, agreed.[1] De Jong co-signed the note and mortgage.[2] Both De Jong and Munson were listed on the deed as "tenants in common." The note and mortgage imposed on De Jong an

---

[1] De Jong claims that her agreement was conditioned on Munson getting De Jong removed from the obligation within one year and that Munson agreed with this condition. The district court found there was never such an agreement. Considering the length of time that elapsed from the purchase until De Jong pursued the partition action—over ten years—we agree with that finding.

[2] The original loan was made by Midwest Heritage Bank and assumed by Wells Fargo Bank, N.A. (Wells Fargo). Unifund CCR, LLC. was named a defendant in the partition petition as a judgment creditor of Munson, but it did not appear or file an answer.

unconditional commitment to pay the loan in the event Munson was unable to do so.[3] De Jong never lived in the home. Munson was responsible for and made the down payment and monthly mortgage payments for around ten years. Over those years, she had to pay late fees nine times.

In 2019, De Jong no longer wanted to be obligated on the note and mortgage and requested Munson take action to refinance and relieve her as a co-signer. Munson initiated refinancing and also the sale of her home to eliminate De Jong's obligation but did not follow through.[4] When Munson did not do as asked, De Jong sent an email that threatened to file a partition action.[5] Before filing the partition petition, De Jong learned that there were two outstanding bills totaling $800 for repair and electrical work to the home that Munson had not paid. Without consulting Munson, De Jong paid them off.

When De Jong filed the partition petition, Munson was current on mortgage payments, and Wells Fargo did not contemplate foreclosure. Munson's home had a value of $130,000, and the mortgage balance was approximately $75,000, with equity around $55,000.

---

[3] The purchase price of the home was $98,000. The note and mortgage were for $94,192.

[4] According to De Jong, Munson listed the home for sale through a real estate agent and received two offers, which De Jong found acceptable. But Munson did not accept the offers.

[5] De Jong's email to Munson read:

> At the sale of your house in this action, you will lose all equity in it. The bank will sell it at just enough to cover the remainder of your loan. You will walk away with nothing. There are two choices here to remove me from the loan, either you sell it or it goes to a sheriff's sale. At least by selling it, you would still get some profit.

In 2020, Munson applied for a COVID-19 forbearance offered by Wells Fargo that deferred the mortgage payments for six months. After filing the partition action, De Jong learned that Munson had not extended the forbearance and received notice from Wells Fargo that the deferred payments were due with four repayment options that required signatures of both Munson and De Jong. Since De Jong did not want to co-sign on any new documents, she made the repayment to Wells Fargo in the amount of $5081.88. In November 2020, De Jong made another mortgage payment of $846.98 to avoid a late payment. Munson had not repaid De Jong for any of these payments or offered to do so.

De Jong filed her petition at equity for partition by sale on July 14, 2020. On July 17, De Jong filed a motion to appoint referee. *See* Iowa Code § 651.12. Munson answered on August 12, denying that De Jong's interest in the property was sufficient to force the sale of her home by partition and raising affirmative defenses.[6] In her response to De Jong's motion, Munson asked the court to resolve "whether [De Jong] can establish an interest in the property sufficient to trigger any right to pursue a partition of the property in question."

Following a hearing, the district court denied De Jong's motion to appoint a referee and stated, "Without an evidentiary hearing, the Court is not able to establish the shares and interests of the owners." On January 8, 2021, De Jong filed a motion for evidentiary hearing to establish shares and interests. De Jong and Munson stipulated to Wells Fargo's mortgage priority and that it did not need

---

[6] Munson's affirmative defenses were: lack of standing; adequate remedy at law; unclean hands; unjust enrichment; forfeiture; and laches and estoppel.

to participate further. During the hearing, De Jong admitted that one reason she filed the partition action was to end her obligation on the note and mortgage. [7]

Following the hearing, at the court's request, the parties submitted proposed written findings, conclusions, and ruling. On June 1, the court entered its ruling denying De Jong's request for an initial decree (eliminating the need to appoint a referee) and concluded, "De Jong has no possibility of prevailing in her effort to persuade the Court to order the sale of the property and, as such, dismisses this case with prejudice, with costs taxed to De Jong."[8] De Jong appeals.[9]

## II.    Standard of review.

An action to partition real property is an equitable proceeding, which we review de novo. Iowa Code § 651.2; Iowa R. App. P. 6.907. Accordingly, we may give weight to the fact findings of the district court, but we are not bound by them. Iowa R. App. P. 6.904(3)(g). To the extent the case presents a question of statutory interpretation, our review is for correction of errors at law. *Commerce Bank v. McGowen*, 956 N.W.2d 128, 132–33 (Iowa 2021).

## III.    Discussion.

In this appeal we are asked to review the district court's holding that under Iowa Code chapter 651 it could exercise its equitable power and deny De Jong's partition petition even though she is a tenant in common. We initially note that

---

[7] De Jong was the only witness to testify.

[8] The court substantially adopted the proposal submitted by Munson.

[9] After De Jong filed her notice of appeal, Munson filed a rule 1.904(2) motion, requesting the court award her attorney fees. The court found the motion untimely as a notice of appeal had already been filed, but the court also denied it on the merits as Munson's counsel represented her *pro bono.* Munson has not appealed this ruling.

current Iowa Code chapter 651, now controlling partition of real and personal property, became effective July 1, 2018. *See* 2018 Iowa Acts ch. 1108. That chapter states, "A property subject to partition shall be partitioned by sale and the proceeds from the sale divided by the owners of the property." Iowa Code § 651.2. The petition "shall include as parties all persons indispensable to the partition including an owner of an undivided interest and a holder of a lien." *Id.* § 651.5 (1). The petitioner "shall describe the property and the plaintiff's interest in the property. The petition shall name all indispensable parties pursuant to section 651.5 and state the nature and extent of each interest or lien as far as each interest or lien is known by the plaintiff." *Id.* § 651.4. The code further instructs:

> The court shall file an initial decree establishing the shares and interests of all owners in a property subject to a partition petition. One referee shall be appointed in the decree unless all owners of the property agree upon a larger number of referees. The decree shall order an appraisal or estimation of the valuation of the property and may direct either a public or private sale of the property. Unless all owners of the property agree to an alternative method for conducting the appraisal or of estimating the valuation of the property, the decree shall appoint three disinterested persons with knowledge of property valuation to appraise the property. The decree shall direct the referee to file a report with the court setting forth the referee's recommendations for completing the partition of the property. All other contested issues related to the partition petition, including liens, may be determined by the initial decree or by a supplemental decree or decrees.

*Id.* § 651.12. For the reasons below and based upon the current statutory and case law, we cannot agree with the district court's decision that De Jong's ownership interest was not sufficient to bring the partition action.

In its ruling, the district court identified the issue:

> De Jong asserts that her status as a "tenant-in-common" entitles her to seek partition and force the sale of the property. Munson argues that, under the facts of this case, being a "tenant in

common" is not enough to establish an "interest in the property" sufficient to justify partition of the property.

. . . . Although Munson does not contest that the payments described by De Jong were made, she urges the Court to find that they are *de minimis* or otherwise insufficient to justify the forced sale of her home.

The court resolved this issue: "However, De Jong's status as a 'tenant in common' is not sufficient to establish automatic entitlement to relief under section 651.12. Section 651.12 specifically allows the Court to determine all 'contested issues related to the partition petition' in the initial decree." The court went on to determine equitable principles precluded granting De Jong relief and dismissed her petition. The court reasoned partition actions are equitable and "equitable relief is only proper when remedies at law are inadequate." It found, "De Jong's request for a forced sale of Munson's home fails to address the fundamental threshold requirement of a lack of an adequate remedy at law. . . . De Jong has failed to establish that she lacks an adequate legal remedy and, as such, is barred from seeking relief in equity." Thus, the court reasoned, De Jong was precluded from the equitable remedy of partition. In addition, the court found several other equitable grounds to deny relief including De Jong's "unclean hands."

## A. Tenants in common.

Munson does not dispute that De Jong is a cotenant as defined in the code and alleged in the partition petition.[10] The district court did not find she had "no interest" in the land, rather that her interest was not sufficient to grant partition. Our court has previously found: "[I]n absence of special equities, every adult tenant

---

[10] Iowa Code section 651.1(3) provides: "'Cotenant' means a person holding title to real property under tenancy in common ownership."

in common is deemed to have the absolute right to partition." *Adair Holdings, L.L.C.*, *v. Duwa*, No. 03-0723, 2004 WL 1161591, at *2 (Iowa Ct. App. May 26, 2004) (alteration in original) (citation omitted). De Jong, as a tenant in common, is "an owner of an undivided interest" and has an interest in the property.

*Adair Holdings* is again instructive. *See* 2004 WL 1161591, at *1. Roger Duwa owed delinquent property taxes on a property worth $53,482. *Id.* The county treasurer sold the property at a tax sale to Adair Holdings, which paid the delinquent property taxes of $2886. *Id.* When the tax certificate was not timely redeemed, Adair Holdings was issued a tax deed for a .00001525878% fractional interest making Adair Holdings a tenant in common. *Id.* Adair subsequently paid additional real estate taxes on the entire parcel, investing a total of $6177.34. *Id.* Adair Holdings filed a petition for partition of the property. *Id.* Duwa answered claiming Adair Holdings' interest in the property was insignificant and requested the court quiet title to the property in his name. *Id.*

On Duwa's motion the district court found:

> Adair contends that trial must occur so that a value can be determined. I believe the Court can take judicial notice of the fact that the property has a value of such a magnitude that [Adair's] share that would be, if not less than one cent, at least trivial.
> . . . .
> . . . . There is no genuine dispute that the value of the property is far less than an amount that would generate any substantial recovery to the plaintiff.

*Id.* (second alteration in original). Based on these findings, the district court quieted title in Duwa and awarded Adair Holdings one cent ($.01). *Id.* at *1–2.

On appeal, our court held:

> As a tenant in common, Adair had an absolute right, absent special equities, to partition the property. The remaining question is

whether the circumstances cited by the trial court, i.e. Adair's extortionate motives and the trivial value of its interest, constitute special equities precluding Adair's absolute right of partition. . . .

. . . .

When Adair is properly credited for the taxes paid for the years after the tax sale, the value of its interest in the property is more than trivial. Moreover, the underlying premise of the trial court's conclusions concerning Adair's extortionate motive is no longer valid because it was based on the assumption that Adair's interest in the property was trivial. We conclude that the circumstances cited by the trial court in support of its ruling granting summary judgment do not constitute special equities precluding Adair's right to partition the property.

*Id.* at *4.

Under the guidance provided by *Adair Holdings*, De Jong's interest in the property is neither trivial, insufficient, nor *de minimus*. She paid in excess of $6000 in mortgage payments and expenses related to the property. Section 651.12 would generally require the court to appoint a referee.[11] But in *Adair Holdings*, our court also conditioned the application of partition on the "absence of special equities." *Adair Holdings,* at *2. In *Johnson v. Johnson*, the Iowa Supreme Court said:

All equities may be considered and adjusted. When a suit for partition is in a court of equity, or in a court authorized to proceed with powers as ample as those exercised by courts of equity, it may be employed to adjust all the equities existing between the parties and arising out of their relation to the property to be divided. "He who seeks equity must do equity." Hence whoever, by a suit for partition, invokes the jurisdiction of a court of equity in his behalf, thereby submits himself to the same jurisdiction, and concedes its authority

---

[11] All of De Jong's payments related to the property totaled $6729.72. The district court determined that De Jong's payments after the partition petition was filed should not be used in determining if De Jong had a sufficient interest in the property to bring the partition action. But in *Adair Holdings*, the court found additional payments of delinquent taxes after the partition action was filed gave Adair Holdings a sufficient interest in the property to warrant filing a partition action. 2004 WL 1161591, at *4. Following the holding in *Adair Holdings*, we find the total amount paid by De Jong should be considered.

to compel him to deal equitably with his co-tenants. As the equities of the co-tenants may arise from a great variety of circumstances, it follows that the assertion of these equities necessarily introduces into partition suits a great variety of issues, and calls for various allegations in the respective complaints and answers which would not be required in an ordinary suit for partition not complicated by any special equities between the co-tenants.

188 N.W.2d 288, 290–91 (Iowa 1971) (quoting *Freeman on Cotenancy and Partition*, Second Ed., § 505). Further, the Iowa Code says, "Property shall be partitioned by equitable proceedings." Iowa Code § 651.2. And section 651.12 also provides: "All other contested issues related to the partition petition, including liens, may be determined by the initial decree or by a supplemental decree or decrees." So in addition to the interest in the property, like the district court, we must consider the existence of "special equities." As determined above, De Jong has an absolute right to partition, absent special equities. On our examination of the record, we do not think any equitable consideration justifies curtailing her right to dispense with this property.

**B. Equity issues.**

i.      Remedy at law

A party seeking equitable relief must show the inadequacy of a legal remedy. *Bagley, Inc. v. Bagley*, 463 N.W.2d 423, 425 (Iowa Ct. App. 1990). An adequate legal remedy is one that is "clear, complete, and as practical and efficient to the ends of justice and its proper administration as a remedy in equity." *Richards v. Iowa State Com. Comm'n*, 270 N.W.2d 616, 620–21 (Iowa 1978) (citation omitted).

Munson relies on De Jong's trial testimony to support the argument she had an adequate remedy at law.

Q. Would you, as far as you know, have the right to sue her directly to recover a judgment against her for that amount, $6729.72? A. A right, probably. Would I do it, probably not.

Q. Why wouldn't you? A. I'm not sure.

Q. Would it be because it wouldn't be the ethical thing to do with a family member? A. No. It's more so that it just doesn't matter. It's done. I've paid it. It's done, I've paid it. Just let it go.

Our supreme court has long held:

It is the general rule that a tenant in common is entitled to contribution from his cotenants for expenditures absolutely necessary for the benefit and preservation of the common property. This right is even extended to charge the cotenant with a just proportion of reasonable expenses necessarily incurred, fairly and in good faith, for the benefit of common property or such as were very necessarily dispensed for the common estate.

*Van Veen v. Van Veen*, 238 N.W. 718, 724 (Iowa 1931). De Jong has a remedy at law to seek contribution from Munson for the amounts she expended for the benefit and preservation of the property rather than force the sale through a partition action. So we agree she has an adequate remedy if all she were seeking were contributions for the payments she made. But her testimony supports the conclusion that the legal remedy here is *not* adequate. De Jong wants her name off the deed and to withdraw from any legal responsibility for the property in cotenancy with Munson. A reimbursement for her expenses is not adequate to achieve that.

  ii. Forfeiture.

The district court next addressed Munson's affirmative defense of forfeiture and correctly cites *Jamison v. Knosby* for the proposition that "equity abhors a forfeiture." *See* 423 N.W.2d 2, 5 (Iowa 1988) (holding that "forfeiture statutes are to be construed strictly against a forfeiture"). The court then premised its finding: "Assuming that there was an enforceable oral contract between the parties to

remove [De Jong] from the mortgage, the breach of that contract is *de minimus* when compared to the remedy sought." There are two problems with the court's reliance. First, this is not a forfeiture proceeding under Iowa Code chapter 656. Under partition, Munson will receive whatever equity she has in the property. Under forfeiture, a party loses all interest. Second, the district court already rejected De Jong's claim of oral contract—that Munson agreed to remove De Jong from the note and mortgage obligation within one year. Since we agree with the district court that there was no such oral agreement, this equity argument is without merit.

        iii.      Equity not available to De Jong for situation she created.

Munson argued and the district court agreed that De Jong could not utilize equity to escape from a situation she created, citing *SDG Macerich Properties., L.P. v. Stanek Inc.*, 648 N.W.2d 581 (Iowa 2002). Munson specifically argued that De Jong agreed to co-sign the note and mortgage and her use of partition to escape her obligation to Wells Fargo is not permitted by equity. In *SDG Macerich*, a lessee (Stanek) forgot to timely renew its lease. 648 N.W.2d at 587. Stanek argued that equity should excuse its failure to timely renew. In rejecting the argument, our supreme court stated: "We will not use equitable principles to save a party from the circumstances it created." *Id.* at 587. We find this equity principle inapplicable here.

If we accept Munson's argument, then any person who jointly purchases real estate with one or more persons and becomes a tenant in common would be prevented from pursuing a partition action since the party created the circumstances by jointly buying the property with others. This is totally contrary to

the purpose of a partition action contemplated by Iowa Code chapter 651. In this case, De Jong no longer wants to be a co-owner of the real estate with Munson. Her remedy is partition.[12] In weighing the equities, the fact De Jong initially agreed to co-sign on the note and mortgage does not preclude her from pursuing the partition. A side-effect of the partition would be a termination of De Jong's obligations under the note and mortgage, but this does not amount to an equitable basis to preclude her from pursuing partition.

       iv.     Unclean hands.

The district court also found:

> De Jong lacks "clean hands," and as such cannot seek relief in equity. To have "clean hands" a party seeking equitable relief must show that her conduct has been fair, equitable, and honest as to the particular controversy in issue. If a plaintiff's conduct violated conscience of good faith, the doors of equity will be shut.
>     The Court's conclusion that De Jong initiated this partition action not to preserve any legitimate interest in the property but as a way to avoid the consequences of the agreements she had voluntarily entered into with the bank violates the "clean hands" doctrine.

(Internal citation omitted.) The court stated that "De Jong compromised her credibility by offering unequivocal testimony about matters to which she clearly had no knowledge or that was simply incorrect."[13] Yet, the supreme court further clarified what would constitute unclean hands.

---

[12] The district court found in its ruling: "De Jong was asked at the hearing to explain why she initiated the partition against her sister. Primarily, she indicated that she wanted to avoid being held responsible to pay the bank money, or the adverse effect a foreclosure would have on her credit score."

[13] The court specifically identified De Jong's incorrect testimony:
> This included her contentions as to the inevitability of foreclosure. Another example is her testimony, that the account summary from Wells Fargo was proof that Munson had made late payments 18 times when a cursory review of that summary would have disclosed

> What underlies the [clean hands] maxim is the principle that "equity will not aid an applicant in *securing* or *protecting* gains from wrongdoing or in escaping its consequences." The maxim "is ordinarily invoked to protect the integrity of the court where granting affirmative equitable relief would run contrary to public policy or lend the court's aid to fraudulent, illegal or unconscionable conduct."

*Opperman v. M. & I. Dehy, Inc.*, 644 N.W.2d 1, 6–7 (Iowa 2002) (citations omitted).

In our review of the record, in light of *Opperman*, we cannot agree that in pursuing the partition action De Jong was securing or protecting gains from wrongdoing or escaping its consequences; seeking relief that runs contrary to public policy; or obtaining the court's aid to fraudulent, illegal, or unconscionable conduct. De Jong's conduct does not rise to the level of unclean hands so as to bar her from seeking partition.

v.       Inequity of forcing sale of Munson's home

Although not specifically expressed by the district court, upon our de novo review it is obvious that an underlying thread to its decision was the potential unfavorable result that if partition by sale was granted, Munson would be forced from her home of ten-plus years. But our court not so long ago, relying on a dusty supreme court decision, found that the property being a party's homestead does not stand in the way of partition.

> An exception to the homestead exemption has also been found within the framework of partition actions. *See Thorn v. Thorn*, 14 Iowa 49 (1862). Partition is defined as "the division of real property held jointly or in common by two or more persons into individually owned interests." Black's Law Dictionary 1141 (7th ed. 1999); *see also Peterson v. Petersen*, 355 N.W.2d 26, 28 (Iowa 1984). "When two or more persons hold undivided interests in land, their interests can be separated only in one of two ways, either by an amicable partition in releasing to each other, or by statutory

that she was "double counting" and that the number of late payments was actually half that number.

proceeding in partition." *Thorn*, 14 Iowa at 56. Statutory partition actions are governed by Iowa Code chapter 651, as well as Iowa Rules of Civil Procedure 1.1201 through 1.1228. Pursuant to rule 1.1201, unless it is equitable and practicable to divide the jointly owned property in kind, property must be partitioned by sale and the proceeds divided by the owners. *See* Iowa R. Civ. P. 1.1201(2)–(3).

In *Thorn*, 14 Iowa at 49, the Iowa Supreme Court decided the issue of whether a property designated as one tenant in common's homestead precludes a partition action by another tenant in common. There, the plaintiff owned an undivided one-fourth interest in the subject property as a tenant in common with the defendant, who owned the undivided remainder interest in the property. *Thorn*, 14 Iowa at 50. The plaintiff brought a partition action, and in defense to the action, the defendant claimed sixty acres of the property as his homestead. *Id.* Although the court acknowledged that homesteads were exempt from judicial sale "when there is no special declaration of the statute to the contrary," it determined that "[t]he homestead right . . . cannot be claimed and enforced by one tenant in common to the detriment of his co-tenants" without ever determining that a "special declaration of the statute to the contrary" existed. *Id.* at 54, 55. Instead, based upon the facts of the case, the court held that homestead could be asserted as a defense in the case against partition because the land could be partitioned in kind. *Id.* at 55–56. However, the court further concluded that the homestead defense must fail where the land cannot be partitioned in kind without great prejudice to the parties interested. *Id.* at 56.

*Coyle v. Kujaczynski*, 759 N.W.2d 637, 640 (Iowa Ct. App. 2008) (alterations in original).[14] Munson's home, unlike in *Thorn*, cannot be partitioned in kind, nor can she claim a homestead defense without detriment to her cotenant. So Munson does not have an argument that it would be inequitable to allow De Jong to compel the sale of her home by instituting this partition action.

## IV. Conclusion.

De Jong established her interest in the property as a tenant in common was not trivial or *de minimus* under Iowa Code chapter 651, but she may only pursue

---

[14] We observe that though this opinion cites to rules that have since been rescinded with the adoption of the new statute in Iowa Code chapter 651, these legal principles remain the same under the newly revised statute.

an equitable partition action when equities are not present that would prevent it. Because no equitable consideration justifies curtailing her right to partition, we reverse the district court's ruling and remand for further proceedings.

**REVERSED AND REMANDED.**