**IN THE COURT OF APPEALS OF IOWA**

No. 24-1737
Filed December 3, 2025

**DAWN LYN GROTH,**
        Plaintiff-Appellee,

**vs.**

**DAVID GENE NEVILLE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Crawford County, Jeffrey A. Neary,

Judge.


        A joint property owner appeals from a partition decree, arguing that the

division of sale proceeds was not equitable.  **AFFIRMED.**


        Michael J. Winter of Law Office of Michael J. Winter, Council Bluffs, for

appellant.

        Bryan E. Shusterman and Jessica A. Board of Heidman Law Firm, L.L.P.,

Sioux City, for appellee.


        Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**GREER, Judge.**

In August 2023, Dawn Groth petitioned for partition of property that she jointly owned with David Neville. Dawn was added as a joint tenant to David's property on June 27, 2019 by warranty deed; although a second deed was signed on April 23, 2020 to correct the legal description. The couple never married, but resided together for several years. When the relationship ended, they needed to split the real estate they jointly owned, which the court ultimately ordered be sold. Beyond an equal split, each party asserted they should be granted credit for specific contributions they each made to enhance the property. After the district court made its determination, both David and Dawn requested the court reconsider its formula. The district court modified the ruling in Dawn's favor, and David appeals. On our de novo review, we find that the district court correctly credited the efforts of the parties that were value-enhancing during the timeframe of the joint tenancy. We affirm.

A partition of property is an equitable proceeding. Iowa Code § 651.2 (2024). We are to apply a de novo standard of review. *See Grout v. Sickels*, 985 N.W.2d 144, 149 (Iowa 2023). "We give weight to the district court's fact-findings, especially as to credibility of witnesses, but are not bound by them." *Id.*

To resolve the dispute, the district court heard testimony and considered the parties' exhibits. In the September 2024 initial decree, the district court stated it would apply the principles from *Grout*. 985 N.W.2d at 150–52. In arriving at the distribution of proceeds in a partition action involving property held in joint tenancy with full rights of survivorship, the formula starts with an equal division of the sale proceeds. *Id.* at 151, *see also Coyle v. Kujaczynski*, 759 N.W.2d 637, 642 (Iowa

Ct. App. 2008) ("[T]he law of partition, as well as general equitable principles, provides for reimbursement of the contributions of the parties and an equal division of any remaining proceeds."). Those adjustments can "be made based on value-enhancing contributions that occur[] during the joint tenancy." *Grout,* 985 N.W.2d at 151. Example contributions are improvements made to the property or debt payments made. *Id.*

In the initial decree, the district court set out the division of sale proceeds as follows:

> 1. Fifty percent (50%) in Dawn L. Groth, subject to the following:
>    a. The UBI mortgage currently securing the property.
>    b. Credit for $235,165.26 reflecting her financial contributions to the construction on the property.
>
> 2. Fifty percent (50%) in David G. Neville, subject to the following:
>    a. The UBI mortgage currently securing the property.

Both parties moved to amend this ruling. The district court did reconsider the division and amended the initial decree to add paragraph (c) to Dawn's credits. Paragraph (c) provided for a credit to Dawn's list "for $114,000.00 reflecting the portion of the UBI mortgage currently securing the property that was not used towards the construction or improvement of the property." We now move to David's concerns.

In his appellate briefing, David does not dispute the figure of $235,165.26 that Dawn provided as her total financial contribution towards the construction. Nor does David dispute the UBI mortgage obligation of $114,000. Instead, the main issues David raised related to several requests for credit on his side of the ledger.

The first challenge relates to David's request for a credit based on contributions he made to Dawn's previous home ("Dawn's home"), which she solely owned but where they lived together for over ten years. David provided an exhibit which listed various payments and work he performed during the time he and Dawn lived at Dawn's home, totaling $144,800. David also offered an exhibit reflecting other payments he made toward expenses and to purchase personal property for Dawn's home. David argued that he should be credited for his financial efforts helping with Dawn's home, noting that after she sold her home, she only put $40,000 of the sale proceeds toward what became their jointly owned property.[1] But, the district court found the contributions made to Dawn's home "were before the existence of the joint tenancy and they were not contributions or improvements to the property subject to partition." And because no agreement was presented as to how those previous contributions would be addressed if the parties separated, the district court refused to apply a credit against the joint property proceeds. We agree with this analysis.

Next, David contends that the district court failed to consider the $9000 down payment[2] he made on the jointly held property and his initial development efforts that started in October 2018. He admits that the downpayment and some of the development efforts were done before the parties entered into the joint tenancy. The district court again pointed to the time frame involved and noted that "the evidence was wholly insufficient for the Court to determine what was and was

---

[1] Dawn asserts that $43,505.04 were the net proceeds from the sale of her home.
[2] David purchased the real estate on April 15, 2013 for $45,000, paying $9000 down and borrowing the remaining $36,000.

not value-enhancing and what work was done for which [David] was not compensated." On top of that, the district court made credibility findings that we can consider. *See id.* at 149. The district court summarized:

> [David's] testimony was imprecise as to details of when work was done; i.e., before or after the creation of the joint tenancy, what the cost incurred was and when it was incurred; i.e., before or after the creation of the joint tenancy, and whether it was work he was paid for from proceeds in whole or in part and as such the Court could not conclude in his favor except as noted above.

Because the work for which David wants credit occurred before the joint tenancy was created, we apply *Grout* and agree with the district court that a credit was not proper. *Id.* at 150 (noting that our case law only "allows for equitable adjustments based on relative contributions by the parties during the joint tenancy").

Finally, David asserts the district court failed to account for his work on the construction of the property that was performed during the time of the joint tenancy. Addressing this final argument that David should have gotten credit for his efforts in the construction of the home, the district court noted that David was paid for much of the construction work he performed. And again, the district court referenced the lack of specificity in the record on what David believed should be part of the credit to him. Thus, the district court concluded that a credit to David related to work for which he was paid would not "inure equally to the parties." We agree.

On a further note, David argues that after the $114,000 mortgage is paid and Dawn is credited $235,165.26, based on the likely purchase price of the property, he will likely not receive any monies towards his one-half share. But as we know from other matters where equity is required, that does not always mean

equal. *Cf. In re Marriage of Hazen*, 778 N.W.2d 55, 59 (Iowa Ct. App. 2009). Here the statute allows for partitioning "by equitable proceedings." *See* Iowa Code § 651.2. We find the district court, with the evidence presented, equitably crafted a formula to divide the sale proceeds of this jointly held property. We affirm the district court's ruling.

**AFFIRMED.**